Eugene Robinson v. The Lake Shore & Michigan Southern Railway Company.

*Pleading—Amendment of declaration—Evidence—Breach of contract—Damages.*

1. In a suit by a contractor against a railroad company to recover damages for the failure of the defendant to furnish the number of cars agreed to be furnished per day to be loaded with gravel, the declaration averred that the defendant agreed to furnish 100 cars per day for that purpose, and plaintiff's evidence showed that the cars were to be *flat* cars. A motion to strike out the testimony relating to flat cars, as not covered by the declaration, was denied. And it is held that, if the declaration was technically faulty in that regard, it would, under the circumstances of the case, the testimony having been received without objection, have been the duty of the court, upon the question being raised, to permit an amendment of the declaration so as to cover the proof, and said amendment will be treated as having been made; citing *Smith v. Pinney*, 86 Mich. 484; *Enright v. Insurance Co.*, 91 Id. 238; *Warder, etc., Co. v. Gibbs*, 92 Id. 29.

2. The plaintiff testified that at the time the contract, which was verbal, was agreed upon, he made a memorandum of its contents, and that no reference was made in said memorandum to *flat* cars. The plaintiff proved the alleged contract by the uncontradicted testimony of two witnesses. And it is held that the defendant was not injured by the reference to the memorandum.

3. A railroad company contracted for the loading with gravel of 100 cars per day, which number of cars it agreed to furnish for that purpose. In a suit by the contractor to recover damages claimed to have been sustained by reason of the failure of the railroad company to furnish the agreed number of cars per day, the defendant sought to recoup damages sustained on account of the failure of the plaintiff to keep the excavator used in loading the gravel in repair, thereby obliging the cars and employés of the defendant to remain idle. And it is held that the request of the defendant for an instruction that, if the plaintiff failed to perform the alleged contract upon his part, he could not recover any damages from the defendant, whether it performed its part of the contract or not, was

properly refused; citing *McGregor v. Estate of Ross*, 96 Mich.. 103.

Error to Wayne. (Donovan, J.) Argued October 30 and 31, 1894. Decided January 22, 1895.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Wells, Angell, Boynton & McMillan,* for appellants.

*Edwin F. Conely* and *Orla B. Taylor,* for plaintiff.

MONTGOMERY, J. This is an action to recover damages for an alleged breach of contract. Plaintiff was the owner of an excavator or shovel operated by steam power, and the evidence in his behalf shows that defendant contracted. to pay him eight cents per cubic yard for as much gravel as he should load aboard cars to be furnished by defend- ant during the season of 1887, and that defendant agreed to furnish 100 cars per day to be loaded. The testimony shows that plaintiff has received pay for loading the dirt actually hauled, so that the only questions involved are those relating to the alleged damages which plaintiff claims. to have sustained by reason of the non-performance of its. contract by defendant to furnish 100 cars per day, and the questions arising under defendant's notice of recoup- ment, it having been set out by such pleading that de- fendant was delayed in moving the gravel trains by reason of plaintiff's default in not maintaining the excavator in repair, and that on account thereof the locomotives, cars,. and employés of defendant were obliged to, and did in fact, remain idle, and suffer various interruptions, in all causing damages to a considerable sum.

1. The plaintiff's declaration alleged defendant's under- taking to be to furnish 100 cars per day. The proof sus- tained this, and also showed that it was agreed that.

it should furnish 100 or more *flat* cars. After these proofs had been received without objection, the defendant moved to strike out the testimony relating to flat cars, on the ground that it was not covered by the declaration. This motion was denied, on the ground that it came too late, and also on the ground that the declaration was sufficient to admit of proof of the kind of cars usually employed in that kind of business. If we treat the declaration as technically faulty, it would, under the circumstances of this case, have clearly been the duty of the court to permit an amendment, upon this question being raised after the testimony had been received without objection. Under these circumstances, we think no injustice is done by treating the declaration as amended when the point arises on review. *Smith v. Pinney*, 86 Mich. 484; *Enright v. Insurance Co.*, 91 Id. 238; *Warder, etc., Co. v. Gibbs*, 92 Id. 29.

2. When the plaintiff was on the stand, he testified that the contract was made between him and one Benjamin Rees, the manager of the southern division of defendant's road, by parol, and that, at the time, he (plaintiff) made a memorandum on the back of a telegram, which he had received that day from Rees, of the terms of the contract. Defendant moved to strike out this testimony, which motion was denied. Defendant also complains of the fact that the witness was permitted to state that the reference to flat cars was not contained in the memorandum. We find upon an examination of the record that the plaintiff proved the alleged contract by parol, by two witnesses, whose testimony is wholly uncontradicted; and it is impossible to conceive how the defendant could have been injured by the reference to the memorandum. Moreover, the defendant first inquired as to the contents of the memorandum.

3. The defendant asked the court to charge the jury that—

. "If the plaintiff failed to perform the alleged contract upon his part, he cannot recover any damages from the defendant, whether the defendant performed its part of the contract or not."

Defendant also claims that the verdict of the jury shows that the jury must have found that the plaintiff failed to perform his contract, as it is claimed to be evident from the amount of the verdict that an allowance was made to the defendant for delays occasioned by the excavator being out of repair, and that it follows, as matter of law, that the plaintiff was not entitled to recover upon the contract at all. Defendant's counsel state the general rule correctly, —that one suing upon a contract must show performance on his part, or a readiness to perform, before he is entitled to recover. But we do not understand the rule to be so unyielding as is contended for by defendant's counsel. In other words, we do not think that every breach of contract by a party to it, which is not availed of by the other party as a reason for refusal to perform on his part, so far annuls the contract that the defaulting party can in the future assert no rights under it. In the present case, if it should have appeared that, during the first week of the services attempted by this steam excavator, it was, by the fault of the plaintiff, out of repair, so that the defendant suffered damages by reason of the delay, which injury could have been compensated for in damages, does it follow that, after both parties have gone on and performed the contract for six months thereafter, defendant is relieved from its engagement in respect to the contract? We think not. This subject had some attention in the case of *Mc-Gregor v. Estate of Ross*, 96 Mich. 103, in which an instruction no broader than that asked in the present case

was given to the jury, and was held erroneous as applied to the facts of that case. It was said in that case:

"When the deceased committed a breach, the plaintiff was privileged to adopt either one of two courses: He could abandon further work under the contract altogether, and sue to recover the price of work already performed, and whatever damages he had already sustained because of being prevented from completing the contract; or he could continue, under the contract, to do so much of the work as he was permitted to do, and recover damages for the interruption. But in case he did so there is no reason why he should not be bound by the terms of the contract, so far as he did attempt its performance, and responsible for any breach of condition not dependent upon the neglected performance of the other."

See, also, 2 Pars. Cont. 678, and *Franklin v. Miller,* 4 Adol. & E. 599.

4. Error is assigned upon the refusal of the court to permit evidence of the condition of the shovel in 1888. We think there was no error in this. It is said that the declaration alleged the contract to have extended to January 11, 1888. The record shows that both parties agreed that the recovery should be limited to what occurred prior to the 2d of December, 1887, when the machine was shipped from Pleasant Lake to Corunna, and the plaintiff entered upon a new contract with the defendant.

We think it is unnecessary to discuss the other points raised, further than to say that we think the charge was sufficiently favorable to defendant, and that no error was committed to its prejudice.

The judgment will be affirmed, with costs.

LONG, GRANT, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.