[No. 4124.]

## THE FRONT STREET, MISSION AND OCEAN RAIL-ROAD COMPANY *v.* CHARLES C. BUTLER.

Contract for Payment of Money.—The payment of money cannot be made dependent on the performance of a condition by the party to whom it is to be paid, which condition, by its terms, may not be performed until after the date at which the money is to be paid.

Conditions Precedent in a Contract.—Courts are disinclined to construe the stipulations in a contract to do certain things within a given time, in consideration of the payment of money by the other party, as conditions precedent, unless compelled to do so by the express language of the contract.

CONTRACT TO BUILD STREET RAILROAD.—If property-holders along the line of a street contract with a street railroad company to pay it certain sums of money, if, within a certain time, it constructs a railroad along the street, the fact that the road is not built within the time is not an excuse for the non-payment of the money if the road is actually built; but the subscribers may recoup the damage they sustain by the failure to complete in time.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The defendant and several other persons entered into a contract with the plaintiff by which each of the subscribers was to pay the plaintiff the sum of money placed opposite his name. In consideration thereof, the company agreed and bound itself to construct and maintain a street railroad with a double track, commencing upon Bush street, at its intersection with Polk street; thence westerly along Bush street to Fillmore street; thence northerly on Fillmore to California street; thence westerly along California street to Cemetery avenue. The contract was made on the 7th day of December, 1869, and one of its stipulations was, that the railroad should be completed in six months. The subscribers were property-holders on the line of the road. The contract closed as follows:

"Wherefore, in consideration of the benefits to be derived by us, and each of us, from the construction of said road, and in consideration of the mutual promises between us, and each of us, herein contained, we hereby mutually covenant and agree to and with each other, and with said railroad company, to pay to said company, in United States gold coin, in monthly installments of ten per cent. of the sums set opposite our names in this agreement, the same to be due and payable as follows: Ten per cent. on the beginning of the work; ten per cent. on the completion of four blocks of the road westwardly from Polk street; and ten per cent. when the said line shall be completed on the line designated opposite to the piece or parcel of land which either or each of us now own, whether it be upon the street upon which said road is constructed, or the streets

immediately adjacent thereto, and parallel therewith; the balance in monthly installments of ten per cent. thereafter."

It also contained the following clause: "And the said railroad company agree and bind themselves to fulfill the above conditions, in the event of the property-owners along the line subscribing the sum of twelve thousand dollars, in United States gold coin, as a donation to the company."

Butler, the defendant, subscribed one thousand dollars. This action was brought to recover the amount of the subscription. The complaint averred that the plaintiff was unavoidably and by the act of God prevented from completing the road within six months. On the trial, the testimony of the plaintiff showed that the road was not completed until the 27th of August, 1870. The plaintiff offered evidence tending to show that, at the date of the contract, there was no iron in California suitable for the road, and that it sent to New York for the same immediately, but that the vessel on which it was shipped was delayed, and did not arrive at San Francisco so that the road could have been completed earlier. The plaintiff also proved that the defendant owned a lot on the corner of Bush and Polk streets, and one between Polk and Fillmore, and that the road was built past them in May, 1870. After the plaintiff had rested, the defendant moved for a nonsuit because the plaintiff had failed to commence or complete the railroad within the time required by the contract. The court granted the motion, and the plaintiff appealed.

*William Irvine,* for the Appellant.

*Quint & Hardy,* for the Respondent.

In order to enable plaintiff to recover, it must appear that it has strictly fulfilled all the conditions it undertook to fulfill to the grantees of the franchise, and which same conditions it undertook, by the contract sued on, also to fulfill to the subscribers.

Either the performance of the "conditions" on the part of the company is the ground of respondent's liability, or the whole subscription is without consideration, and cannot

be enforced at all. (*Trustees of Hamilton College* v. *Stewart*, 1 Comstock, 581; *L'Amoureux* v. *Gould*, 3 Seld. 349; 1 Chitty Cont. 15; *Barnes* v. *Perine*, 12 N. Y. 18; *Trustees Bridgewater Academy* v. *Gilbert*, 2 Pick. 579.)

By the Court:

As we construe the contract, Butler was to pay ten per cent. upon the beginning of the work; an additional ten per cent. when the line of the road shall have progressed the distance of four blocks westerly from Polk street; an additional ten per cent. when the line shall have been completed opposite the land of Butler, and the remainder in monthly installments of ten per cent. thereafter.

In fact, the foregoing is substantially the language of the contract itself.

The covenant to make monthly payments, after the first three payments, was independent—at least so far as the installments might become due prior to the expiration of the six months. The payment of money cannot be made dependent on the performance by the other party of a condition, which, by the very terms of the contract, is not to be performed, or may not be performed until after the date at which the money is to be paid.

Courts are disinclined, as was observed by the Court of Appeals of New York (20 N. Y. 432), to construe the stipulations of a contract as conditions precedent, unless compelled by the language of the contract plainly expressed. The reason of this disinclination is that such a construction prevents the court from dealing out justice to the parties according to the equities of the case. The case at bar affords an instance of the injustice which would be wrought by such a construction of the contract of these parties. A road of the character and description contemplated by the parties, had, in fact, been built and operated before the action was brought; the defense relied on is, that it was not completed within the *six months* mentioned in the contract—a short delay upon the part of the company having occurred from fortuitous circumstances apparently beyond its control.

If the defendant has sustained damages by the delay, he is entitled to recoup to that extent against the claim of the plaintiff.

Judgment reversed, and cause remanded for a new trial.