[No. 13285. In Bank. — July 28, 1890.]

## EMMA G. LATTIN ET AL., APPELLANTS, v. HENRY T. HAZARD, RESPONDENT.

SPECIFIC PERFORMANCE — CONTRACT FOR DEED IN ESCROW — PLEADING — GENERAL DEMURRER. — Where a contract to convey land provided that a deed to the land should be placed in escrow until the performance of certain conditions on the part of the grantee, and should be thereupon delivered to the grantee, a complaint by an assignee of the grantee for a specific performance of the contract, which alleges that the grantee fully performed the contract on his part, and after having become entitled to a conveyance from the defendant, conveyed all his right, title, and interest in the land to the plaintiff, and that plaintiff has demanded a conveyance from the defendant of the same, which defendant refused to make, but which does not allege a refusal by defendant to place a properly executed deed in escrow according to the terms of the contract, does not state a cause of action, and is subject to a general demurrer.

ID. — PRESUMPTION THAT DEED WAS PLACED IN ESCROW — DEFAULT OF GRANTOR — ALLEGATION OF DEMAND AND REFUSAL. — In accordance with the presumption that private transactions have been fair and regular, it must be presumed that such deed was placed in escrow pursuant to the terms of the contract, in the absence of an allegation to the contrary; and it follows that the grantor was not in default at the time of the demand upon him for a deed, and properly refused to make a second conveyance of the land, the allegation of such demand and refusal not being inconsistent with the presumption that the contract was complied with.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*P. W. Dooner*, and *Dooner & Burdett*, for Appellants.

*O'Melveny & Henning*, for Respondent.

GIBSON, C. — This is an appeal from a judgment entered upon plaintiffs' failure to amend their complaint after a general demurrer thereto had been sustained.

It is alleged in the complaint that plaintiffs are husband and wife; that on March 9, 1887, at Los Angeles, the defendant and sundry other persons, as parties of the first part, and James McLaughlin, as the party of the second part, made and entered into a written agreement whereby the defendant, Hazard, and others, as parties of the first part, in consideration of the benefits to accrue to them, and desiring to have a steam-dummy railroad extended westerly beyond the city limits of Los Angeles into and through the section of country in which their lands were located, and to secure such an extension of said road, agreed to pay, transfer, and set over unto the party of the second part the sums of money and land aligning the roadway of said road by each subscribed; that H. T. Hazard, on his part, agreed to convey five acres of land, the same " to be in a compact, nearly square form, . . . . situated anywhere in the east half of the northeast quarter of section 24, township 1 south, range 14 west, San Bernardino meridian " ; that the several amounts of money subscribed were to be evidenced by the several promissory notes of the parties who subscribed money, the notes to bear even date with the contract, and to be payable to the said McLaughlin or order, at Los Angeles, six months after date, and bear interest at the rate of ten per cent per annum from maturity, and the subscriptions of the defendant and others of land were to be by their several grants of land contiguous to the line of said roadway, conveying a clear title in every case to said McLaughlin of the date of the contract, or twenty days thereafter; provided that the notes and deeds should remain in trust and escrow with the Farmers' and Merchants' Bank of the city of Los Angeles, as trustee, and should not be delivered to the said McLaughlin until the completion and operation of

the said extension of the said railway, but upon the completion of said work they were to be delivered to the said second party absolutely; that the parties of the first part severally agreed that McLaughlin should have the right to locate the route of his road westerly from the intersection of Diamond Street with the city boundary over certain described lands of the said first parties; that they and each of them over whose land the route extended would by deed convey to McLaughlin a right of way not exceeding thirty feet in width, allowing any necessary additional space for curves, they reserving the right to dedicate the land along which the railway should be located for the purpose of a public street; that McLaughlin, on his part, agreed to extend and construct the road as desired, and commence such construction within thirty days from the date of the contract, and have the same ready for operation within six months from said date, and that in the event of his failure to do so, then the notes and deeds in escrow should be returned to the respective makers and grantors absolutely; provided, however, that in case insuperable obstacles should intervene during said six months, of which the bank holding the notes and deeds should be notified, said McLaughlin was to have the additional period of sixty days within which to complete the road, and that the said McLaughlin further agreed that the road should be well and substantially built, and operated by a steam-dummy for a period of not less than ten years, and should have a carrying capacity and speed equal to the requirements of the section traversed and the business thereof, and that the rates of fare for a certain specified distance should not exceed fifteen cents, and should not be raised for ten years.

It is further alleged upon information and belief that McLaughlin, within the time and in the manner required of him, fully performed said contract upon his part, and on January 10, 1888, and long prior thereto,

became and was entitled to a conveyance from defendant of five acres of land aligning the railroad at such place as McLaughlin might select; that on the tenth day of January, 1888, McLaughlin, by his deed of conveyance, sold and conveyed to plaintiff Emma G. Lattin, as her separate property, all his right, title, and interest in and to the land agreed to be conveyed to him by Hazard; that thereafter the said plaintiff demanded of the defendant a good and sufficient conveyance of five acres of land adjoining the roadway of the railroad on defendant's said larger tract, viz., east half of northeast quarter, section 24, township 1 south, range 14 west, San Bernardino meridian, but the defendant refused such conveyance; that after such refusal, she, the plaintiff, as she was entitled to do by said contract, selected by metes and bounds a certain tract of five acres within defendant's said larger tract, and aligning the roadway of said railroad, and thereupon demanded of defendant a sufficient conveyance of the same, which land he also refused to convey, or any other land whatever.

Then follows a prayer for the conveyance of the five-acre tract selected by the plaintiff Emma G. Lattin; or if that cannot be had, then for five acres aligning the railroad out of the same larger tract.

The demurrer was properly sustained.

There is no allegation that Hazard failed or refused to place in escrow for McLaughlin a properly executed deed to five acres of land within the east half of the northeast quarter of section 24. The contract provided that the notes and deeds should be placed in escrow with the bank for McLaughlin on the date of the contract, or within twenty days thereafter, and were to be delivered to him upon the completion of the contract on his part. Now, in accordance with the presumption that private transactions have been fair and regular (Code Civ. Proc., sec. 1963, subd. 19), we must presume that Hazard made his subscription available by placing his deed to five acres

of land in escrow with the bank within the proper time. If he did this, then he was not in default when plaintiff Emma G. Lattin made her several demands upon him for a deed, and he was justified in refusing to execute a deed to her to what might be an additional five acres of land.

By the terms of the contract, McLaughlin was required to commence the construction of the road within thirty days from March 9, 1887, the date of the contract, and complete such construction within six months thereafter, unless certain obstacles should intervene, in which case he was to have sixty days' additional time. It is alleged that he completed the construction within the time required. Therefore, assuming that he occupied all the time he was entitled to under the contract, he must have completed the construction on December 7, 1887,—more than one month prior to the time he transferred his interest in the land in question to plaintiff Emma G. Lattin. And for aught that appears to the contrary, McLaughlin may have obtained the deed from the bank before he transferred his interest to said plaintiff; if he did, then by his deed to her she acquired all that she was entitled to.

If, however, the deed was placed in escrow, and McLaughlin did not obtain it before he conveyed to plaintiff, his conveyance to her would operate as an assignment of his right to the delivery of the deed, as well as a transfer of his interest in the land, and she could have demanded the deed of the bank in order to make the transfer of the land to her effective. If, on the other hand, it had not been placed in the bank, it should have been so alleged in the complaint, to show the necessity of demanding a deed of the defendant.

Furthermore, the alleged refusals of the defendant are not inconsistent with the presumption that he complied with the contract by placing a deed to five acres in escrow; consequently it cannot be inferred from the

allegations respecting such refusals that the defendant is in default, so as to make the complaint good as against defendant's general demurrer, which could not reach facts defectively stated by way of inference or argument, but only the entire absence of the statement of an essential fact.

We therefore advise that the judgment be affirmed.

HAYNE, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.