[No. 15714. In Bank.—April 17, 1896.]

## SOUTHERN PACIFIC RAILROAD COMPANY, RESPONDENT, *v.* DARWIN C. ALLEN, APPELLANT.

VENDOR AND PURCHASER—CONTRACT OF SALE—INDEPENDENT COVENANTS—PAYMENT AT FIXED DATE—CONVEYANCE AFTER PATENT—FORECLOSURE OF RIGHT OF PURCHASER.—Where the purchaser of land from a railroad company contracted unconditionally to pay the remainder of the purchase money on or before a fixed date, and to pay interest thereon annually in advance, and the railroad company only agreed to convey upon the receipt by it of a patent for the land sold, and to repay the moneys paid only in case it be finally determined that patent shall not issue, and proceedings for a patent were pending and undetermined in the United States land department when the remainder of the purchase money fell due, the covenants for the payment of interest annually and of the residue of the principal are independent of the covenant for a conveyance, and the railroad may bring an action to compel the payment of money due under the contract, and, in default of payment, to foreclose the right of the purchaser under the contract, without the tender of a conveyance; and the fact that the residue of the purchase money falls due pending the trial does not preclude the foreclosure, or require the tender of a conveyance, before the issuance of the patent.

ID.—PERFORMANCE BY PLAINTIFF, WHEN NOT A CONDITION PRECEDENT.—If a day be appointed for payment of money, or a part of it, or for doing any other act, and the day is to happen, or may happen, before the thing which is the consideration of the money or the act is to be performed, an action may be brought for the money, or for not doing such other act, before performance by the plaintiff; for it appears that the party relied upon his remedy, and did not intend to make the performance a condition precedent.

ID.—MUTUALITY OF CONTRACT—CONSIDERATION.—The contract to pay the purchase money absolutely is not void for want of mutuality or consideration where the vendor claiming title to the land, which had not been perfected by patent, agreed to convey when a patent should be obtained, and to permit the purchaser to enter into possession at once, and agreed to repay the purchase money without interest in the event of an ultimate failure to obtain a patent.

ID.—ACTION TO FORECLOSE NOT A RESCISSION.—The bringing of an action to foreclose the rights of the purchaser in the contract does not operate as a rescission of the contract, or entitle the purchaser to a return of the money paid under the contract.

ID.—FORM OF DECREE—ALTERNATIVE OF PAYMENT OR FORECLOSURE.—A decree of foreclosure giving the purchaser the alternative of paying within a fixed period or suffering foreclosure of his rights as purchaser is in accordance with equity.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. JOHN M. SEAWELL, Judge.

The facts are stated in the opinion of the court.

*Robert Harrison,* for Appellant.

The contracts were void *ab initio* for want of consideration. The transactions were not sales, nor agreements to sell, or to sell and buy, but they were, at most, agreements to buy. (Civ. Code, secs. 1585, 1721, 1722, 1727–29; Wald's Note to Pollock on Contracts, 13; 3 Am. & Eng. Ency. of Law, 846; Pollock on Contracts, 44; 1 Parson on Contracts, 449; *Shadburne* v. *Daly,* 76 Cal. 355–59; *King* v. *Warfield,* 67 Md. 246; 1 Am. St. Rep. 384.) The promise to buy, being a unilateral engagement, unsupported by extrinsic consideration, was, at most, a continuing offer to buy, subject to revocation or withdrawal at any time prior to an unqualified acceptance of that offer. (Wald's Note to Pollock on Contracts, 13; 1 Story on Contracts, secs. 569, 572; *Mathewson* v. *Fitch,* 22 Cal. 86, 93, 94.) Defendant's promise to buy was withdrawn and revoked by the repudiation and disclaimer of defendant's answer and cross-complaint, and also by the lapse of time for acceptance of the offer. (Civ. Code, sec. 1587.) The contracts expired—became "null and void"—with the expiration of the time for procuring the patent, and they have been rescinded by their action, and by the proceedings herein. (2 Parson on Contracts, 678, note 5; *Fountain* v. *Semi-Tropic etc. Co.,* 99 Cal. 677–83; *Bank etc.* v. *Wickersham,* 99 Cal. 655; Civ. Code, secs. 1688, subd. 5, 1689, 1691, 3401, 3406, 3412; *Bohall* v. *Diller,* 41 Cal. 532; *Miller* v. *Steen,* 30 Cal. 403; 89 Am. Dec. 124; *Hicks* v. *Lovell,* 64 Cal. 14; 49 Am. Rep. 679; *Drew* v. *Pedlar,* 87 Cal. 443; 22 Am. St. Rep. 257; *Cleary* v. *Folger,* 84 Cal. 316; 18 Am. St. Rep. 187; *Henderson* v. *Hicks,* 58 Cal. 364–73; *Gates* v. *McLean,* 70 Cal. 42; *Phelps* v. *Brown,* 95 Cal. 572; *Glassell* v. *Coleman,* 94 Cal. 260; *Moore* v. *Rogers,* 19 Ill. 347; *Davis* v. *Smith,* 5 Ga. 274; 48 Am. Dec. 279–94; *Johnson* v. *Jackson,* 27 Miss. 498; 61 Am. Dec. 522, 523; *Red Jacket etc.* v. *Gibson,* 70 Cal. 128–31; *Graves* v. *White,* 87 N. Y. 465; *Merrill* v. *Merrill,* 95 Cal. 334; *Wilson*

v. *Sturgis,* 71 Cal. 226–29; *Chandler* v. *Chandler,* 55 Cal. 267–69.) As the contracts do not provide that nonpayment of interest shall make the principal sum due, an action will not lie to foreclose the contracts, or any part of them, because of the nonpayment of interest. (*Brodribb* v. *Tibbets,* 58 Cal. 6; *Bank etc.* v. *Johnson,* 53 Cal. 99.) Vendor has no cause of action either for penalty for vendee's breach, or for foreclosure of right of purchase, nor for annulment of the contract while vendor remains without title. (Civ. Code, sec. 1439; *Converse* v. *Blumrich,* 14 Mich. 109; 90 Am. Dec. 230; *Getty* v. *Peters,* 82 Mich. 661; *Clark* v. *Cornford,* 45 La. Ann. 502; *Lake Phalen Land etc. Co.* v. *Stees,* 54 Minn. 471; *Marshall* v. *Caldwell,* 41 Cal. 611; *Sanders* v. *Lansing,* 70 Cal. 429; *Burks* v. *Davies,* 85 Cal. 110; 20 Am. St. Rep. 213.) Equity will not enforce a contract where the party asking its enforcement cannot himself be compelled to perform it. (*Cooper* v. *Pena,* 21 Cal. 404–11; *Sturgis* v. *Galindo,* 59 Cal. 28; 43 Am. Rep. 239; *Wakeham* v. *Barker,* 82 Cal. 46–49; *Smith* v. *Taylor,* 82 Cal. 533; *Oullahan* v. *Baldwin,* 100 Cal. 648–54; *Easton* v. *Millington,* 105 Cal. 49; Waterman's Specific Performance of Contracts, secs. 196–98; 2 Beach's Modern Equity Jurisprudence, sec. 586, notes; Fry on Specific Performance, sec. 286, American notes; *Putnam* v. *Grace,* 161 Mass. 237; *Maynard* v. *Brown,* 41 Mich. 298; *Pingle* v. *Conner,* 66 Mich. 187–93; *Bean* v. *Burbank,* 16 Me. 458; 33 Am. Dec. 681; *Bolles* v. *Sachs,* 37 Minn. 315; *Chicago etc. Ry. Co.* v. *Dane,* 43 N. Y. 240; *Rafolovitz* v. *American Tobacco Co.,* 73 Hun, 87; *Mers* v. *Franklin Ins. Co.,* 68 Mo. 127; *Campbell* v. *Lambert,* 36 La. Ann. 35; 51 Am. Rep. 1.) The buyer may recover all moneys paid as part purchase price of lands for which seller has no title. (*Sanders* v. *Lansing, supra; Burks* v. *Davies, supra.*)

*Joseph D. Redding,* and *William F. Herrin,* for Respondent.

The covenants in the contracts of purchase are independent, and the vendor has a right to recover the

amounts due without tendering a deed. (*Loud* v. *Pomona Land etc. Co.*, 153 U. S. 578; *Gee* v. *Moore*, 14 Cal. 472; *Kimball* v. *Semple*, 25 Cal. 452; *Fowler* v. *Smith*, 2 Cal. 39.) The state of the plaintiff's title furnishes no apology for the refusal of defendant to make his payments when due. (*Brashier* v. *Gratz*, 6 Wheat. 537.) Where the vendor goes in the first instance into a court of equity and calls upon the purchaser to come forward and pay the money due or be forever foreclosed from setting up any claim against the estate, this is a proceeding in affirmance, not in rescission, of it by enforcing a remedy expressly reserved in it. Without said clause or reservation the remedy would have been equally available to him. (*Hansbrough* v. *Peck*, 5 Wall. 506.) The prayer in the complaint that the contracts may be declared null and void in no wise enlarges the legal effect of the decree. (*Davenport* v. *Turpin*, 43 Cal. 597; *Black* v. *Gerichten*, 58 Cal. 57; *Vallejo Land Assn.* v. *Viera*, 48 Cal. 575; Freeman on Judgments, sec. 215.)

Van Fleet, J.—This is an appeal from the judgment upon the judgment-roll.

The action is to compel the payment of moneys alleged to be due under contracts for the purchase of lands, and, in default of payment, to foreclose defendant's rights under the contracts, and for general relief. The action is on more than one contract, but they are alike in terms, and one will serve as a type of all. Plaintiff agreed to sell, and defendant to buy, a certain piece of land. At the date of the contract defendant paid one-fifth of the purchase price and one year's interest upon the unpaid portion, and agreed to pay the same interest annually in advance until the completion of the purchase, or the termination of the contract, together with all taxes and assessments levied upon the land, and to pay the remainder of the purchase price "on or before the first day of February, 1893." Defendant is given the right of immediate possession of the land, and upon the performance of all the conditions of

his contract is to receive a deed for the land, which deed plaintiff agrees to make upon demand, "after the receipt of a patent therefor from the United States." The contract proceeds: "It is further agreed between the parties hereto, that the party of the first part claims all the tracts hereinbefore described, as part of a grant of lands to it by the Congress of the United States; that patent has not yet issued to it for said tracts; that it will use ordinary diligence to procure patents for them; that, in consequence of circumstances beyond its control, it sometimes fails to obtain patents for lands that seem to be legally a portion of its said grant; therefore nothing in this instrument shall be considered as a guaranty or assurance that patent or title will be procured; that, in case it be finally determined that patent shall not issue to said party of the first part for all or any of the tracts herein described, it will, upon demand, repay, without interest, to the party of the second part, all moneys that may have been paid to it by him on account of any such tracts as it shall fail to procure patent for, the amount of repayment to be calculated at the rate and price per acre fixed at this date for such tracts by said party of the first part, as per schedule on page three hereof; that said lands being unpatented, the party of the first part does not guaranty the possession of them to the party of the second part, and will not be responsible to him for damages or cost in case of his failure to obtain and keep such possession."

This action was brought upon default of defendant in paying the second, third and fourth years' installments of interest. It was commenced before the expiration of the five-years' limitation for the payment of the balance of the purchase money, but was brought to trial and decided after the lapse of that period. Defendant, by answer, denied title in plaintiff, and by cross-complaint alleged false representations by plaintiff of its title, injury to himself therefrom, and concluded with an offer of rescission and demand for a return of the moneys paid by him. The findings are in favor of plaintiff, ex-

cept as to the fact of possession by defendant of the lands described in the complaint, and against the answer and cross-complaint, and the decree requires defendant to pay within six months the amount found due as unpaid interest, or be debarred and foreclosed of all right and interest in and to said lands, and in and under the contracts.

The only question really involved in the case is as to the construction of the contracts sued upon. It is contended by the defendant that he was under no obligation to purchase the land or to pay the remainder of the purchase price, unless the plaintiff should, *within the five years*, obtain a patent for the land; and that, as the plaintiff had failed to obtain a patent within that time, and as the action was not tried until after the expiration of that time, the defendant was entitled to a rescission of the contract. But clearly the contracts will not bear any such construction. The defendant contracted unconditionally to pay the remainder of the purchase price "on or before" a certain day named, and to pay interest annually in advance on such remainder; but the plaintiff contracted to convey to defendant only "upon the receipt of a patent," and was to repay the money only "in case it be *finally determined* that patent shall not issue." The defendant, therefore, was not entitled to terminate the contract, or to require a repayment of the moneys paid, until the question of the issue of a patent to the plaintiff should be "finally determined." The findings state that proceedings are now pending in the United States land department for the issue of patent to the plaintiff, and that it has not been finally determined that such patent shall not issue. At the time, therefore, at which defendant contracted to pay the balance of the purchase price, plaintiff was not in default, nor was it in default at the time of the trial.

It will thus be seen that, under these contracts, the times fixed for the payment by defendant of the balance of the purchase price, and the installments of interest on that balance, might all arrive before the happening

of the event upon which plaintiff agreed to convey, or
before the happening of the event upon which plaintiff
agreed to return the money paid.   A certain day was
appointed for the payment of the balance of the pur-
chase price, and the interest thereon, in advance.   But
the issuance of the patent to plaintiff, or the final deter-
mination that such patent should not issue, were events
the time of the occurrence of which was uncertain, and
which might take place long after the expiration of the
five years.  The case is, therefore, strictly within the
well-established rule that, "if a day be appointed for
payment of money, or a part of it, or for doing any other
act, and the day is to happen or *may* happen before the
thing which is the consideration of the money, or the
act is to be performed, an action may be brought for
the money, or for not doing such other act, *before per-
formance;* for it appears that the party relied upon his
remedy, and did not intend to make the performance a
condition precedent."   (*Donovan* v. *Judson*, 81 Cal. 334;
*Front St. etc. R. R. Co.* v. *Butler*, 50 Cal. 574; *Platt* v. *Gil-
christ*, 3 Sand. 125; *Loud* v. *Pomona etc. Co.*, 153 U. S. 564,
576; *Coleman* v. *Rowe*, 5 How. (Miss.) 460; 37 Am. Dec. 164;
*Couch* v. *Ingersoll*, 2 Pick. 301; *Bean* v. *Atwater*, 4 Conn.
10; 10 Am. Dec. 91; *Edgar* v. *Boies*, 11 Serg. & R. 450.)
The whole framework of the contracts shows that both
parties understood that the question whether or not pat-
ents would issue was one of uncertainty, and that it was
impossible to know, in advance, when that question
would be "finally determined."   Defendant, with full
knowledge of that fact, contracted to make his pay-
ments at all events and within certain specified times;
merely reserving the right to a repayment of the money
in case the particular title contracted for should fail.
Under these circumstances the obtaining of patents
could not be a condition precedent to his obligation to
make the deferred payments.

The defendant further contends that the contracts
were void, *ab initio*, for want of mutuality or considera-
tion, or amounted at most to mere offers to purchase on

his part. This contention cannot be sustained. Plaintiff claimed title to these lands, but its title had not been perfected by patent. Defendant had the same opportunity as plaintiff of knowing the nature and probable validity of that claim. Under these circumstances plaintiff agreed to convey to defendant when it should obtain a patent, and to permit defendant to enter into possession of the land at once. In consideration of these promises defendant agreed to purchase when a patent should be issued, paid at once one-fifth of the purchase price and one year's interest on the balance, and agreed to pay the remainder (with interest thereon annually in advance) on or before a given date, with the right to a repayment without interest in the event of an ultimate failure to obtain a patent. These promises were strictly mutual, and each constituted a sufficient consideration for the other. Plaintiff by its contract surrendered its right to contract with or sell to any one else, and yielded to defendant the present right to possession which it claimed. These concessions were clearly a detriment to plaintiff, and, in a legal sense, an advantage to defendant; and they, therefore, furnished a consideration for defendant's promise to pay.

Defendant also claims that the bringing of this action was a rescission of the contracts, which entitled him to a return of the money already paid. But since, under the contract, plaintiff was entitled absolutely to receive the money at the times agreed upon, and to have the benefit of its use until the final determination of the question of the issuance of patent, it was entitled to enforce the collection of the money by this action, and in the event of a failure to pay to have defendant foreclosed of his rights under the contracts. (*Keller* v. *Lewis*, 53 Cal. 118; *Fairchild* v. *Mullan*, 90 Cal. 194; *Hansbrough* v. *Peck*, 5 Wall. 506.) The decree gave the defendant the alternative of paying within six months, or suffering foreclosure; and this was in accordance with equity. It may be, in view of the fact that the action was tried after the expiration of the time for the

payment of the last installment of the purchase price, that the decree should have required the defendant to pay the balance of the principal as well as the unpaid installments of interest; but the error, if any, in that particular is in favor of defendant, and cannot be considered on his appeal.

It follows from these considerations that plaintiff is entitled to the relief granted by the court below, and that the judgment must be affirmed.

It is so ordered.

McFARLAND, J., GAROUTTE, J., and HARRISON, J., concurred.

HENSHAW, J., dissenting.—I dissent, under the conviction that the interpretation given to this contract in the opinion rendered by Department Two is proper and sound. It was there said (*Southern Pacific R. R. Co.* v. *Allen*, 40 Pac. Rep. 752): " Plaintiff agreed to sell, and defendant to buy, a certain piece of land. At the date of the contract defendant paid one-fifth of the purchase price and one year's interest upon the unpaid portion, and agreed to pay the same interest annually in advance until the completion of the purchase or the termination of the contract. The time of payment for the unpaid part of the purchase price was 'on or before the first day of February, 1893'; that is to say, within five years from the execution of the contract. Upon performance by defendant of the conditions of his contract he was entitled: 1. To take and hold possession of the land; and 2. To receive a deed for the same upon demand, and after payment of the remaining four-fifths of the purchase price, which deed plaintiff agreed to make 'after the receipt of a patent therefor from the United States.' The contract proceeds: 'It is further agreed between the parties hereto that the party of the first part claims all the tracts hereinbefore described as part of a grant of lands to it by the Congress of the United States; that patent has not yet issued to it for said tracts; that

it will use ordinary diligence to procure patents for them; that, in consequence of circumstances beyond its control, it sometimes fails to obtain patent for lands that seem to be legally a portion of its said grant, therefore nothing in this instrument shall be considered a guaranty or assurance that that patent or title will be procured; that, in case it be finally determined that patent shall not issue to said party of the first part for all or any of the tracts herein described, it will, upon demand, repay, without interest, to the party of the second part, all moneys that may have been paid to it by him on account of any such tracts as it shall fail to procure patent for, the amount of repayment to be calculated at the rate and price per acre fixed at this date for such tracts by said party of the first part, as per schedule on page 3 hereof; that, said lands being unpatented, the party of the first part does not guaranty the possession of them to the party of the second part, and will not be responsible to him for damages or cost in case of his failure to obtain and keep such possession.' . . . . Under such circumstances defendant agreed to buy and pay for these lands at any time within five years, should plaintiff's claim ripen into a perfect title by the issuance of a patent. Plaintiff agreed, as the consideration flowing from it, 1. To convey to defendant, and thus to forego its right to contract with or sell to any one else; 2. To yield to the defendant, in the meantime, such possession, use, and enjoyment of the lands as would otherwise belong to it. Defendant, to secure these advantages to himself, paid one-fifth of the purchase price, and agreed to pay interest upon the remainder of it. If, at any time within five years, plaintiff's title was perfected, defendant had the right, upon payment, to compel a conveyance of it to himself. If, at the expiration of five years, the result had not been reached, defendant was entitled to repayment of his moneys, without interest, while plaintiff, for foregoing its right to make other contracts, and for yielding to defendant its right to the occupancy and enjoyment

of the lands, was to be compensated by the use, without payment of interest, of the defendant's moneys held by it. It is true these terms are not explicitly declared in the contract, as here set forth, but they fairly state the expressed agreement of the parties."

There is no doubt but that in a contract for the sale of land the covenant to convey and the covenant to pay may be made independent, but there is likewise no doubt but that the general rules of interpretation require these covenants to be construed as interdependent, unless the contrary is made clearly to appear upon the face of the contract, and where doubt arises as to the intent of the parties that doubt should be resolved by a construction holding them to be interdependent—1. As expressing the meaning most probably intended by the parties; and 2. As being the interpretation consonant with the spirit of equity and fair dealing. The seller ought not to be compelled to part with his property without receiving the consideration, nor the purchaser to part with his money without an equivalent in return.

In *Hill* v. *Grigsby*, 35 Cal. 656, this court said: "It is very correctly said in *Bank of Columbia* v. *Hagner*, 1 Pet. 455, that 'in contracts of this description the undertakings of the respective parties are always considered dependent, unless a contrary intention clearly appears'; and the reason assigned, as well as the rule, would be applicable here were the words of the covenant of doubtful import. 'A different construction would, in many cases, lead to the greatest injustice, and a purchaser might have payment of the purchase money enforced upon him, and yet be disabled from procuring the property for which he paid it.' The authorities in support of these principles are very numerous, and there is a greater degree of uniformity among them than is usual on a question presented, as this has been, in so many different aspects."

A man purchases real property for purposes of improvement and permanent ownership, or for barter and sale. He may, and frequently does, pay the purchase

money in speculation, whether or not the title he receives shall prove a good title, but he at least buys something. No case has been called to our attention, and none is cited in the prevailing opinion, in which he pays the purchase price upon a speculation as to whether the vendor shall give him something or nothing. For it will be noted that the plaintiff does not agree at any fixed time, or at all, to convey to defendant such title as it has or may then have, but merely to convey to it its title when perfected by the issuance of a patent. If it obtains no patent, it conveys nothing. In all the cases which are cited, and in which the question of land sales is considered, it was some interest in land, or claim of title, which the vendee was purchasing, and which he agreed to pay for in advance. Here it is quite otherwise, and it may be instructive to see just what effects must logically follow the interpretation given by the prevailing opinion: Allen, at the end of five years, has paid the full purchase price for the land with interest. He has been permitted to take possession of it, but has not been secured or warranted even in that. He has no title to the land whatsoever. He cannot compel a conveyance to him of the compny's claim or interest in the land. There is no definite future time fixed upon the arrival of which he may recover either his money or the land. He has parted with his money and the use of it for ten, twenty, thirty, or fifty years—until it "shall be finally determined that a patent is not to issue." Meanwhile, he has no interest to sell, so that it is impossible for him to retrieve himself. He dare not improve the land, because he is not secured in possession or improvements, and he cannot even sell or assign his rights under the contract itself, for that is forbidden by its terms. At the end of an undetermined time, if plaintiff, who is called upon to use only ordinary diligence, fails to obtain a patent, defendant receives nothing but the principal of the purchase price. If that time covered a number of years, as it well might, the use of the money of which defendant was deprived, and

which plaintiff has gained, would equal or exceed the principal itself, and yet for this loss defendant receives nothing. It is not easy to believe that a sane man would so contract, and if this be the true interpretation, the contract is one without parallel. Upon the other hand, it may be readily gathered from the contract itself that the parties assumed that the question of the issuance of the patent would be determined within five years, and that if determined by or within that time the corresponding rights and liabilities of the parties to it would attach. If not then determined the transaction should be at an end, and plaintiff would have had the use of the full purchase price (or its equivalent in interest) for its agreement to sell to defendant and to yield him possession, while for these considerations defendant would have paid this money with the right to the return of the principal sum at the end of five years —a time long enough in which to bring the contract to an end in one or another way.

The lapse of five years without issuance of a patent is intended to be, so far as the rights of the parties to this contract are concerned, in and of itself a final determination that the patent is not to issue. So construed the covenants are clearly dependent.

The one interpretation manifestly exposes the defendant to such untoward danger and loss that it is inconceivable that a man of ordinary intelligence would have bound himself by it; the other expresses a fair business contract, such as any two individuals might enter into.

In the prevailing opinion it is said that the contract clearly will not bear the latter construction. That it is the equitable construction is not and cannot be questioned. Upon the other hand, there should be the clearest and most satisfying language in the contract to warrant the interpretation given it. That language I am unable to find, and if there be an existing doubt, under all the authorities and under the law of this court

above quoted, the doubt should be resolved against the contention that the covenants are independent.

TEMPLE, J., concurred.

BEATTY, C. J., dissenting.—I dissent, but upon a different ground from that stated by Justice Henshaw. As to the construction of the contract, I concur in the views of the majority, but I do not think that the breach of this particular kind of a contract of sale gives the vendor the right to go into equity to claim specific performance, or to foreclose the right of the purchaser. In ordinary contracts for the sale of land the vendor has the right either to rescind or to foreclose for failure of the vendee to make deferred payments, because in ordinary contracts of sale the vendor is able to perform the contract on his part by making a conveyance.    But when, as in this case, the vendor is not ready to convey, and may never be able to do so, I think he should be limited to rescission or to his action to recover the installments due, and that he has no right to claim the relief awarded by this judgment.

Rehearing denied.