GEORGE H. KINNEY, DEFENDANT IN ERROR, v. FEDERAL LAUNDRY COMPANY, PLAINTIFF IN ERROR.

Submitted July 8, 1907—Decided November 18, 1907.

In a contract containing mutual promises, whether to pay money or perform some other act, where the time for performance by one party is to arrive or may arrive before the time for performance by the other, the latter promise is an independent obligation, nonperformance of which raises a cause of action merely and does not constitute a bar to the right of the party making it to recover for the breach of the promise made to him.

On error to the Camden Circuit Court.

For the plaintiff in error, *Howard L. Miller* and *Francis D. Weaver*.

For the defendant in error, *Wilson, Carr & Stackhouse*.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought by Kinney, as assignee of the Chicago Belting Company, against the Federal Laundry Company to recover the purchase price of certain belting sold and delivered to it by the belting company. By the terms of the contract of sale the vendee was to pay the purchase price within sixty days, and the vendor was to replace any of the belting which should prove defective. The defendant failed to pay the purchase-money when it fell due, and later repudiated its liability to do so upon the ground that some of the belts furnished had been discovered to be defective at the end of three months' use, and that the vendor had failed to replace them when called upon to do so. The belting company thereupon assigned their claim for the purchase-money to the plaintiff, who at once brought suit, declaring upon the common counts alone. The defendant pleaded the general issue, but failed to annex to its plea any notice of a claim against the plaintiff by way of recoupment. At the trial, after the plaintiff had proved the sale and non-payment, the defendant offered evidence showing that some of the belting had been found to be defective after it had been used for three months; that this fact had been communicated to the vendor before the assignment to the plaintiff, and demand made upon it to replace it with sound belting, and that this demand had been ignored. After hearing the defence the trial judge overruled it, and directed a verdict for the full amount of the plaintiff's claim.

The single assignment of error relied upon by counsel for the defendant challenges the soundness of this judicial ruling, the contention being that the facts proved by the defendant constituted a bar to the plaintiff's right to recover, for the

reason that the agreement on the part of the defendant to pay the purchase price was conditioned upon the promise of the belting company to replace defective belting. In our judgment, this position is untenable. The promise of the vendee to pay was to be performed within sixty days. The promise of the vendor to replace defective belting was, by necessary implication, to be performed within a reasonable time after discovery of the defect and notification thereof.

In construing contracts containing mutual promises, where the time for the performance of the promise by one party is to arrive, *or may arrive,* before the time for the performance of the promise by the other, the latter promise is held to be an independent obligation, the non-performance of which raises a cause of action merely, and does not constitute a bar to the right of the party making it to recover for a breach of the promise made to him. 9 *Cyc.* 643; *Benj. Sales,* § 738. And this rule of construction prevails as fully where the promise is to pay money as where it is to do some other thing. *Front Street, &c., Railway Co.* v. *Butler,* 50 *Cal.* 574; *American Emigrant Co.* v. *Adams County,* 100 *U. S.* 61.

Applying this rule of construction to the contract in the present case, the facts proved merely showed a right in the defendant to recover such damages as it had sustained from a breach by the belting company of an independent provision of the contract. But the defendant could only have that right determined in the present suit by following the method of procedure prescribed by section 105 of the Practice act (*Pamph. L.* 1903, *p.* 568), which requires that a defendant who wishes to recoup damages which he may have sustained by reason of any cause of action arising out of the contract which is the subject of the action shall annex to his plea and file therewith a notice of the particulars of his counter-claim. This, as has already been stated, the defendant failed to do. The action of the trial court, therefore, in taking from the jury the question of the defendant's right to recoup, and directing a verdict for the full amount of the plaintiff's claim, was entirely proper.

The judgment under review must be affirmed.

*For affirmance*—MAGIE, CHANCELLOR, THE CHIEF JUS-
TICE, GARRISON, HENDRICKSON, PITNEY, SWAYZE, REED,
TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY,
DILL, J.J.   14.

*For reversal*—None.