[S. F. No. 6473.  Department One.—June 11, 1915.]

FRESNO CANAL AND IRRIGATION COMPANY (a Corporation), Appellant, v. LILO M. PERRIN, and E. B. PERRIN, Respondents.

IRRIGATION CORPORATIONS—ACTION ON CONTRACT PAYMENTS FOR DELIVERY OF WATER—COUNTERCLAIM.—An answer, entitled "cross-complaint," to a complaint to recover the amount agreed to be paid to plaintiff irrigation company under a contract to supply water to defendant's land, which seeks the recovery of damages for failure to deliver water to the land in accordance with a contract, there being no showing that it arose out of the transaction set forth in the complaint as the foundation of plaintiff's claim, or that it was con-

nected with the subject of the action of plaintiff, or that the agreement sued on by plaintiff and that alleged by the defendant in such answer are the same, is a counterclaim as defined in subdivision 2 of section 438 of the Code of Civil Procedure.

ID.—CROSS-COMPLAINT—GENERAL DEMURRER TO CROSS-COMPLAINT—DEPENDENT COVENANTS NOT ALLEGED—ALLEGATION OF PERFORMANCE.—A general demurrer to such cross-complaint which alleges no dependent covenants or conditions, upon the ground that it does not state the defendant properly performed the covenants of the contract, is properly overruled.

ID.—SUFFICIENCY AS AGAINST GENERAL DEMURRER.—The sufficiency of the cross-complaint as against a general demurrer must be determined entirely by its own contents.

ID.—CONTRACTS—WHEN COVENANTS ARE INDEPENDENT—BREACH NO EXCUSE FOR NONPERFORMANCE BY OTHER PARTY.—The covenants of parties to a contract to be performed at different stated times are independent covenants and the breach by one party of his covenants does not excuse performance by the other party.

ID.—CONTRACT TO SUPPLY WATER—WAIVER OF RIGHT TO TERMINATE.—Where an agreement provided that the company furnish water to certain land and that payments be made on a certain day of each year with the right to the company in case of default in payment continuing for thirty days to cancel the contract at its option, the company, by continuing to deliver water and by recognizing the contract as obligatory upon itself after the default, waived the right to terminate the contract for such default, so far as it affected the right of defendant to demand and receive water thereafter and to claim damages for the failure of plaintiff to furnish it.

ID.—MEASURE OF DAMAGES FOR FAILURE TO SUPPLY.—The measure of damages for failure to deliver water under such contract is the difference between the rental value of the land with water and its value without it, and the lawful price of the water should also be taken into consideration and deducted.

ID.—LAND PARTIALLY SUPPLIED WITH WATER.—Where certain quantities of water were furnished to the land each year, but certain parts of the land were without water for the entire year, it was proper for the jury to find from the conflicting evidence what portions of the land were left without water for the entire year and to apply the measure of damages above stated to the acreage thus found, although it would be improper to apply that measure of damages to land which had been partially supplied with water during the year.

APPEAL from a judgment of the Superior Court of Fresno County and from an order refusing a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

F. H. Short, and F. E. Cook, for Appellant

L. L. Cory, and G. W. Cartwright, for Respondents.

SHAW, J.—The plaintiff appeals from a judgment in favor of the defendants and also from an order denying its motion for a new trial. The judgment further provided that the defendant Lilo M. Perrin should recover of plaintiff the sum of five hundred dollars.

The plaintiff's complaint contained four counts for the recovery of annual payments, amounting in the aggregate to $3,193.75, upon four separate water-right contracts executed by the plaintiff, all dated February 19, 1897, in each of which plaintiff agreed to furnish water from its canal for the irrigation of certain tracts of land belonging to the defendant Lilo M. Perrin, from the date thereof until February 16, 1921. Each contract provided that the annual payments due thereon for water furnished should constitute a lien upon the land. They were of the same form as the contracts which were held to create a lien upon the land by the decisions in *Fresno Canal and Irrigation Co.* v. *Rowell*, 80 Cal. 114, [13 Am. St. Rep. 112, 22 Pac. 53], and *Fresno Canal and Irrigation Co.* v. *Dunbar*, 80 Cal. 530, [22 Pac. 275]. The complaint asked for a foreclosure of this lien and the sale of the respective tracts of land to satisfy the amounts due. The answer admitted that the defendants had not made the annual payments sued for. The defense was that the plaintiff had not performed the covenants required to be performed by it, and that, in consequence of plaintiff's failure, there was no sum of money due or payable by the defendants to the plaintiff under said contracts.

The defendants also filed a cross-complaint alleging that Lilo M. Perrin was the owner of the lands in controversy, that there were certain water-right agreements attached to said lands as appurtenances thereto, whereby the plaintiff had agreed to furnish for said land all water that might be required for the irrigation thereof, that without the use of water the lands were worthless for the purpose of raising crops thereon, that the plaintiff, although requested so to do, had failed and refused to furnish any water for or upon said lands

during the years from 1897 to 1904, inclusive, by reason whereof said defendant Lilo M. Perrin was unable to raise any crops of any kind upon the land, to her damage in the sum of twenty thousand dollars. E. B. Perrin is the husband of Lilo M. Perrin. Although this pleading is named a cross-complaint, it is a cause of action arising upon contract for the recovery of money and existing at the commencement of the plaintiff's action, and it is, therefore, technically, a counterclaim as defined in subdivision 2 of section 438 of the Code of Civil Procedure. There is no allegation showing that it arose out of the transaction set forth in the complaint as a foundation for the plaintiff's claim, or that it was connected with the subject of the action of the plaintiff. There is nothing to show that the agreements referred to are the same agreements as those upon which the cause of action is founded. Consequently it does not, upon its face, show that it is a counterclaim within the first subdivision of the aforesaid section.

A jury was called to try the case. A verdict was returned in favor of the defendant Lilo M. Perrin for the sum of five hundred dollars and judgment was rendered accordingly.

The first point urged in support of the appeals is that the so-called cross-complaint does not state facts sufficient to constitute a cause of action. A demurrer thereto, based on that ground, was overruled. The plaintiff claims that it was necessary for the defendant to allege that she had performed all the conditions and covenants of the contract which it required of her. In support of this proposition plaintiff assumes that the water-right agreements mentioned in said cross-complaint are the same as those set forth in the complaint, and that there were mutual dependent covenants and conditions therein, the performance of which the defendant should have alleged in order to show that she was entitled to recover damages for the alleged breach of covenants by the plaintiff. This presumption cannot be indulged in support of the demurrer. The sufficiency of the cross-complaint or counterclaim must be determined wholly from its own allegations. It purports to state the contracts sued on according to their legal effect and it contains nothing to show that there are any covenants or conditions therein other than those of the plaintiff to furnish water. So far as appears therefrom, there was no obligation in said contract except that of the plaintiff to furnish water

for the lands owned by the said defendant. This being the case there was no occasion for an allegation that said defendant had kept and performed the covenants of the contract. That question would arise only when, upon the proof, it appeared that there were dependent conditions which said defendant must perform, prior to or concurrent with her right to demand performance by the plaintiff. The demurrer was properly overruled.

Upon the trial it appeared that the agreements upon which the counterclaim was predicated were the same as those mentioned in the complaint. The plaintiff contends that the admitted fact that the defendant has failed to make the annual payments thereon precludes her from relief by way of damages for the alleged failure of plaintiff to furnish water as the agreement required. By the terms of the agreements, the annual payments were to be made on the first Monday of September of each year and, in case of default thereon for thirty days, the plaintiff, at its option, might terminate the agreement. The evidence shows that the plaintiff did not avail itself of this option, but that, on the contrary, it treated the agreements as still in force and continued thereafter to deliver some water in pursuance thereof, as before, and to recognize the contracts as obligatory upon itself. It claimed that it had delivered all the water demanded. If it were conceded that the covenant of the plaintiff to furnish water and that of the defendant to make the annual payments were dependent, or that the annual payment was a condition precedent to the furnishing of the water, we think this conduct of the plaintiff would operate as a waiver of its rights to terminate or avoid the contract for failure to pay the annual installments, so far as it affected the right of the defendant to demand and receive water thereafter and to claim damages for the failure of the plaintiff to furnish it. (*Los Angeles etc. Corp.* v. *Amalgamated Oil Co.,* 168 Cal. 143, [142 Pac. 46] ; *Cincinnati etc. Co.* v. *Baker,* 130 Ill. App. 416.)

But the covenants are not dependent or concurrent. The water was to be furnished, when wanted, continuously from February 19, 1897, to February 16, 1921, while the payments were to be made annually as aforesaid. The furnishing of the water for the first six months could not be dependent upon or concurrent with the payment to be made in the following September. The same would be true of each succeeding year,

upon the plaintiff's election not to terminate the agreements by reason of the failure of the defendant to pay. Where the covenants of the respective parties are to be performed at different times they are held to be independent and the breach by one party of his covenant does not excuse the performance by the other of his covenant or relieve him of liability for damages for a breach thereof. (*Southern Pac. R. R. Co.* v. *Allen*, 112 Cal. 461, [44 Pac. 796]; *Front St. M. & O. R. R. Co.* v. *Butler*, 50 Cal. 577; *Bank of Woodland* v. *Duncan*, 117 Cal. 412, [49 Pac. 414]; *Deacon* v. *Blodget*, 111 Cal. 418, [44 Pac. 159].) Upon these facts, the most that the plaintiff can claim on account of the failure of the defendant to make the payments is the right to recover the same and to have the amount thereof set off *pro tanto* against such damage as the defendant has shown from the failure of the plaintiff to deliver water.

The only evidence offered regarding the measure of damages was proof of the annual rental values of the lands with water for irrigation and of the rental values without water. The measure of damages in such cases, where there has been total failure to deliver water as contracted for, "is the difference between the rental value of the land with water and its value without it, and the lawful price of the water should also be taken into consideration and deducted." (*Crow* v. *San Joaquin*, 130 Cal. 314, [62 Pac. 562]; *Pallett* v. *Murphy*, 131 Cal. 197, [63 Pac. 366].) The court upon this subject instructed the jury as follows: "It appears in the evidence, without dispute, that certain waters were during each year supplied by the plaintiff to the defendants under contracts for use upon said lands and that the defendants either used or had the opportunity to use the same. Therefore, the defendants cannot recover on their cross-complaint upon the basis of the difference that would have resulted from an entire absence of water for the irrigation of said lands, but only, if at all, for such detriment as is shown by the evidence to have actually resulted from the failure of the plaintiffs to supply water in compliance with the said contracts." The evidence supports the statement in the first sentence of this quotation. Upon that the plaintiff contends that inasmuch as there were no facts proven upon which to estimate damages, except the difference between the rental value in the case of the entire absence of water and such rental value where the full supply

was furnished in accordance with the contracts, the jury had no basis upon which they could calculate the damages and, therefore, that the verdict allowing five hundred dollars to the defendant as damages, over and above the $3,193.75 due for the annual payments, was without support in the evidence. Upon an analysis of the evidence, however, we find it sufficient to show that, although some water was delivered and used each year, yet that each year parts of defendant's lands, amounting to five or six hundred acres in some years, were left without any water for the entire year.    Testimony was given to the effect that there was never water sufficient to irrigate more than about three hundred and twenty acres of the one thousand acres of the defendant's land which the plaintiff had agreed to supply with water.    It is true that the evidence as to the land supplied with water was somewhat confusing and conflicting, but it was for the jury to resolve the conflicts and uncertainties and estimate the area that was left without any supply.    If the jury found, as they might have done from the evidence, that even one-third of the thousand acres of land to be supplied was left without water because of the failure of the plaintiff to furnish it, when it had water available, there would be sufficient basis, upon the measure of damages given, to support the verdict.

The plaintiff objected to the introduction of evidence of comparative rental values, with and without water, basing his objections on the ground that the rule of damages referred to above has no application where the water supply is not entirely withheld.    If the evidence showed that all the land was supplied with some water during a substantial part of each year, this contention would be meritorious.    But as there was evidence from which the jury might have concluded that a large portion of the land of the defendant was left without any water for each of the five years to which the jury were confined by the instructions of the court in estimating the damage suffered by her, the evidence was properly allowed.

No other points are advanced in support of the appeals.

The judgment and order are affirmed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.