[Civ. No. 5070. First Appellate District, Division One.—April 10, 1926.]

## CALIFORNIA PRUNE AND APRICOT GROWERS, INC. (a Corporation), Respondent, v. R. D. BAKER et al., Appellants.

[1] CONTRACTS — CO-OPERATIVE MARKETING ASSOCIATIONS — CONSTRUC-TION.—Under contracts between a co-operative marketing associa-tion and prune growers, whereby the association agreed to use its best efforts to resell the prunes delivered to it each year for net prices higher than those paid the grower at the time of delivery, and if successful to pay to the grower the excess above four cents bulk basis per pound less certain charges, such addi-tional payment to be made on or before September 1st in the year following delivery of the prunes, the promise of the asso-ciation was conditional, the obligation to pay by the date men-tioned, or at all, being dependent upon the fact of resales for higher than the basic price.

[2] ID. — FAILURE TO DELIVER PRUNES — LIQUIDATED DAMAGES — PER-FORMANCE—PRESUMPTIONS—BURDEN OF PROOF.—In an action by a co-operative marketing association to recover liquidated damages for the breach of contracts by defendants, who were members of the association, arising from their failure to deliver a portion of their 1921 crop of prunes to the association, the association agreeing by the terms of said contracts to use its best efforts to resell the prunes delivered to it each year for net prices higher than those paid defendants at the time of delivery, and if successful to pay to defendants the excess above four cents bulk basis per pound, less certain charges, such additional payment to be made on or before September 1st in the year following de-livery of the prunes, it is to be presumed that the association's duty under the contracts was fairly and regularly performed; and it appearing that an account of the resales of the crop of 1920 was rendered, and that payment of the return shown thereby was made during the month of December, 1921, the evidence was sufficient *prima facie* to support the allegation of full performance, and placed the burden of proving facts excusing their nonper-formance upon defendants.

[3] ID.—PERFORMANCE OF PROMISE—EVIDENCE.—Where a promise is to be performed in a certain event, it is incumbent upon the

1. Co-operative marketing of farm products by producers' asso-ciations, see notes in 25 A. L. R. 1113; 33 A. L. R. 247.
3. See 6 Cal. Jur. 489.

promisee who asserts its nonperformance, either as a cause of action or as an excuse for his own failure to perform, to prove the facts upon which the obligation of the promisor depended.

[4] ID.—PROMISES—PERFORMANCE—CONSTRUCTION.—In construing contracts containing mutual provisions, where the time for performance of the promise by one party is to arrive or may arrive before the time for performance by the other, the latter promise is an independent obligation, the nonperformance of which creates a cause of action merely and does not constitute a bar to the right of the party making it to recover for a breach of the promise made to him.

[5] ID.—TIME OF BREACH—PLEADING—DAMAGES.—A breach of contract cannot be justified by anything the other party to the contract may have done or omitted to do afterward; and where a breach of contract is not such as to defeat a right of action the defendant cannot plead it in bar, but must take advantage of it by proper pleading in recoupment of damages.

---

(1) 2 C. J., p. 992, n. 56 New. (2) 2 C. J., p. 992, n. 56 New; 13 C. J., p. 763, n. 36, 37. (3) 13 C. J., p. 763, n. 40, 41. (4) 13 C. J., p. 570, n. 25. (5) 13 C. J., p. 739, n. 21.

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge. Affirmed.

The facts are stated in the opinion of the court.

S. G. Tompkins for Appellants.

Sapiro & Hayes for Respondent.

CASHIN, J.—An action by a co-operative marketing association to recover liquidated damages for the breach of contracts providing for the sale and delivery to the plaintiff of certain crops of prunes by defendants, who were members of the association.

The association therein agreed to pay therefor a fixed minimum price per pound upon delivery, the contracts further providing as follows:

"The buyer (plaintiff) agrees to use its best efforts to resell said prunes, together with similar prunes from other sellers, at net prices higher than those paid to the sellers (defendants) upon delivery thereof, and if it shall be able

---

4. See 6 Cal. Jur. 366.

to obtain such higher net prices it will pay the excess above four cents bulk basis per pound over to the sellers after deducting from such excess of the net price over four cents bulk basis per pound 5 per cent of all sums payable to the sellers by virtue of this agreement and the sellers' prorated share of the cost of taxes and insurance on prunes purchased by the buyer under such contracts and carried over by the buyer beyond January 1st of each year during the existence of this contract, such additional payment to be made on or before September 1st in the year following the delivery of the prunes hereunder.

"But if the buyer be unable to obtain such basic prices and can obtain only a price lower than the said four cents bulk basis per pound, then the seller shall be liable and shall pay to the buyer the difference between the said basic price of four cents and the actual selling price, less the sellers' prorated share of expense as hereinbefore set forth."

It was further agreed that it would be impracticable and extremely difficult to determine the actual damage resulting to the association should the growers fail to deliver the crops, and the contracts fixed a sum per pound as liquidated damages to be paid to the former in the event of a default in delivery.

It is admitted that defendants failed to deliver to plaintiff 19,400 pounds of the prunes produced by them during the year 1921. Plaintiff alleged its full performance of the contracts and its readiness and ability to receive and pay for the prunes in accordance therewith, which allegations were denied. As a special defense (other defenses being pleaded in support of which no evidence was offered) it was alleged that the association had deducted from the total sums received by it upon resales of the crops delivered by the various growers during the year 1920 charges in excess of those provided by the contracts. This defense was not pleaded as a counterclaim, but it was urged at the trial, and it is contended here, that the facts alleged constitute a bar to the maintenance of the action by plaintiff.

The action was tried by a jury, and a verdict for plaintiff having been directed by the court judgment thereon was entered, from which defendants appeal.

The evidence shows without contradiction that defendants produced during the year 1921 35,605 pounds of prunes;

that on or about September 8, 1921, they requested payment by the association of the sum of $200 on account of the crop of 1920, which request was refused; that on September 13, 1921, without notice to the association of their intention or of an election to terminate the contracts they sold and delivered elsewhere a portion of the crop, thereafter on October 18, 1921, delivering to the association the remainder, which amounted to 16,205 pounds. It further appears that the association during the month of December, 1921, rendered to defendants an account of the resales of the crop of 1920, together with a check for the balance shown by the account to be due the latter, which check was received and indorsed by defendant R. D. Baker and thereafter paid. Above this indorsement was printed the following: "Endorsement of this voucher by payee constitutes receipt in full, no other acknowledgment being required."

An objection to an offer by defendants to prove the facts alleged in the special defense mentioned above was sustained; and it is contended by the latter as grounds for reversal that the association having failed to pay on September 1, 1921, or on the date of the request mentioned, the proceeds from the resales of the crop of 1920 it was consequently in default under the contracts; that defendants were therefore justified in selling the crop of 1921 elsewhere; that the plaintiff, having alleged full performance, could not recover by showing an excuse for nonperformance, and that the court erred in excluding proof under defendants' special defense.

The record does not show when the resales of the crop of 1920 were made or completed by the association, but it is contended by defendants that according to the contracts such resales and the payment of the excess therefrom were to be made on or before September 1st, and that the failure to pay on the date of the demand excused performance by them.

[1] As shown by the provisions of the contracts quoted above, the association agreed to use its best efforts to resell the prunes delivered each year for net prices higher than those paid the grower at the time of delivery, and if successful to pay to the latter the excess above four cents bulk basis per pound less the charges as provided therein, such additional payment to be made on or before September

1st in the year following delivery of the prunes. This promise was conditional, the obligation to pay by the date mentioned or at all being dependent upon the fact of resales for prices higher than the basic price.    Success in this particular was not expressly made a condition precedent to the obligation of the grower to deliver the crops of subsequent years; nor, in view of the character and magnitude of the business conducted by the association, and the nature of the services rendered, could such intention reasonably be implied.    [2]   It is to be presumed that plaintiff's duty under the contracts was fairly and regularly performed (sec. 1963, subd. 19, Code Civ. Proc.; *Lattin* v. *Hazard,* 85 Cal. 58 [24 Pac. 611]); and it appearing that an account of the resales of the crop of 1920 was rendered, and that payment of the return shown thereby was made during the month of December, 1921, the evidence was sufficient *prima facie* to support the allegation of full performance, and placed the burden of proving facts excusing their nonperformance upon defendants.    [3]   Where a promise is to be performed in a certain event it is incumbent upon the promisee who asserts its nonperformance either as a cause of action or as an excuse for his own failure to perform, to prove the facts upon which the obligation of the promisor depended (*Rodgers* v. *Byers,* 127 Cal. 528 [60 Pac. 42]; *Van Buskirk* v. *Kuhns,* 164 Cal. 472 [Ann. Cas. 1914B, 932, 44 L. R. A. (N. S.) 710, 129 Pac. 587]).

Aside from the effect upon defendants' right to assert a previous default by the association as an excuse for their partial nonperformance, it appearing, as here, that defendants, notwithstanding such alleged default, continued to perform the contracts (Williston on Contracts, secs. 684, 688; *Robinson* v. *Lake Shore M. & S. Ry. Co.,* 103 Mich. 607 [61 N. W. 1014]; *Farrelly* v. *United States,* 159 Fed. 671 [86 C. C. A. 539]), no default by the association previous to the acts of defendants here complained of was shown; and the only question which remains for decision is the effect of a subsequent violation of the contracts by the association in failing to render a true account of the resales of the crop of 1920 upon its right to maintain the action.

[4]   In construing contracts containing mutual provisions where the time for performance of the promise by one party is to arrive or may arrive before the time for performance

by the other, the latter promise is held to be an independent obligation, the nonperformance of which creates a cause of action merely and does not constitute a bar to the right of the party making it to recover for a breach of the promise made to him (*Kinney* v. *Federal Laundry Co.,* 75 N. J. L. 497 [68 Atl. 111]; *Front Street etc. R. R. Co.* v. *Butler,* 50 Cal. 574; *Southern Pac. R. R. Co.* v. *Allen,* 112 Cal. 455, 461 [44 Pac. 796]; *Fresno Canal & Irr. Co.* v. *Perrin,* 170 Cal. 411, 416 [149 Pac. 805]). **[5]** A breach of contract cannot be justified by anything the other party to the contract may have done or omitted to do afterward; and where a breach of contract is not such as to defeat a right of action the defendant cannot plead it in bar, but must take advantage of it by proper pleading in recoupment of damages (*Harris Lumber Co.* v. *Wheeler Lumber Co.,* 88 Ark. 491 [115 S. W. 168]; *Barrett* v. *Verdery,* 93 Ga. 526 [21 S. E. 64]; 13 Cor. Jur., Contracts, 739).

While it is urged by respondent that the effect of the rendition of the account, and the acceptance, indorsement, and payment of the check for the balance shown under the conditions printed thereon, was to estop defendants in any event from questioning the correctness of the account, a determination of this question is unnecessary, it being our conclusion that the evidence, which was undisputed, sustained the allegations of the complaint, and that the special defense mentioned was insufficient to bar a recovery.

No error being shown, and it appearing that the court in view of the evidence properly directed a verdict for the plaintiff, the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.