[L. A. No. 112.   Department One.—April 15, 1896.]

## MATTIE H. MERRILL, RESPONDENT, v. THE SOUTH-SIDE IRRIGATION COMPANY, APPELLANT.

MANDAMUS—IRRIGATION COMPANY—WITHDRAWAL OF SUPPLY.—*Mandamus* will lie in favor of an owner of land who has granted a right of way to an irrigation company in consideration of the privilege of purchasing water from it for irrigation, and to whom it began to supply such water, but afterward withdrew the same for the purpose of supplying other owners.

ID.—OBJECT OF CORPORATION — SUPPLY OF WATER FOR IRRIGATION— PLEADING—FINDINGS.—Where one of the objects of an irrigation company is to supply water for the purpose of irrigation, it is sufficient, in a complaint for *mandamus* to compel such supply, to state such object, and the duty and legal liability of defendant to supply water to the plaintiff in execution of such object, and it is not necessary that other objects of the corporation not involved, or only remotely so, should be enumerated in the complaint, or that there should be a finding as to them.

ID.—INSUFFICIENCY OF SUPPLY FOR ALL WHO NEED WATER—IMMATERIAL ISSUE.—An answer to the complaint for *mandamus*, denying that it has sufficient water to supply the plaintiff and all the lands that lie under the flow of the ditch that need water for irrigation, without an averment that others have demanded or purchased water, raises no material issue.

ID.—EXPECTED DEPRIVATION OF SUPPLY.—An expected deprivation of the supply of water to the irrigation company in the future is no sufficient answer to a *mandamus* proceeding to compel it to furnish water to the plaintiff from its present supply; but any future deprivation of water

will be an answer to any demand therefor under the judgment in the case.

Id.—Public Use—"Appropriation" of Water for Sale or Distribution—Construction of Constitution.—In section 1 of article IV of the constitution, making the use of all water appropriated for sale, rental, or distribution a public use, the term "appropriated" is not limited to water acquired by appropriation under the Civil Code, but when water is designed, set apart, and devoted to purposes of sale, rental, or distribution, it is "appropriated" to those uses, or some of them, and becomes subject to the "public use" declared by the constitution, without reference to the mode of its acquisition.

Id.—Duty to Continue Supply—Construction of Code.—Under section 552 of the Civil Code, it is not only the duty of an irrigation company to continue the supply of water to lands that it has sold, but it is also its duty to continue to furnish water to those within the flow and on the line of its ditch who are cultivating land which has been furnished with water for irrigation, at such rates and terms as may be established by the corporation in pursuance of law.

Appeal from an order of the Superior Court of Los Angeles County denying a new trial. Walter Van Dyke, Judge.

The facts are stated in the opinion.

*Anderson & Anderson,* for Appellant.

The writ of *mandamus* should not have been granted merely for breach of an alleged contract to deliver water. (*Gregory* v. *Blanchard,* 98 Cal. 313; *Peck* v. *Supervisors,* 90 Cal. 384; *Priet* v. *Reis,* 93 Cal. 85; 14 Am. & Eng. Ency. of Law, 97.) Section 552 of the Civil Code does not apply, there being no sale of land to the plaintiff; nor does section 1 of article XIV of the constitution apply, the water not having been "appropriated" by the defendant. (Pomeroy on Riparian Rights, secs. 4, 21, 30.)

*John D. Pope,* for Respondent.

The sale or distribution of water is a public use, and *mandamus* will lie to enforce distribution of water for irrigation or other beneficial use. (Const., art. XIV., sec. 1; *Price* v. *Riverside etc. Co.,* 56 Cal. 431; *Cummings* v. *Peters,* 56 Cal. 593; *People* v. *Stephens,* 62 Cal. 209; *McCrary* v. *Beaudry,* 67 Cal. 120; *Fresno* v. *Fresno etc.*

*Co.*, 98 Cal. 179.) "Appropriation" was sufficiently manifested by the taking of the water openly with intent to take for valuable use. (*McDonald* v. *Bear River etc. Co.*, 13 Cal. 233.) The constitution should not receive a technical construction as to the appropriation of water, but should receive a practical common sense construction as implying claim or use by exclusive right. (Webster's Dictionary, tit. "Appropriate"; *Price* v. *Riverside etc. Co.*, *supra; McCrary* v. *Beaudry*, *supra.*) In construing the constitution or a statute, words are not to be taken in a technical sense, but in their most common acceptation, unless there is something to indicate the contrary. (Cooley's Constitutional Limitations, sec. 72; *Weill* v. *Kenfield*, 54 Cal. 111; *In re Maguire*, 57 Cal. 605; 40 Am. Rep. 125.) Plaintiff, having been supplied with water for irrigation, was entitled to have the supply continued at such rates and terms as may be established by the defendant in pursuance of law. (Civ. Code, sec. 552.)

SEARLS, C.—*Mandamus* proceeding to compel the defendant, a corporation, to furnish to plaintiff water to irrigate plaintiff's land, to wit: the west one-half of the southeast quarter of section 21, etc., to the extent of one-half the flow of a twenty-two-inch round pipe, twice per month, for thirty-six hours each time, once on or about the first day of each month, and once on or about the fifteenth day of each month, upon tender by plaintiff to the defendant of the reasonable and customary charges for said water.

Plaintiff had judgment in consonance with the prayer of her petition. The appeal is from the judgment and from an order denying a motion of defendant for a new trial.

Defendant is a corporation organized under the laws of the state of California. The objects of the corporation as expressed in its articles of incorporation are: "To care for and manage the water and sewage flowing through any or all of the sewers of Los Angeles city,

and to enter into and make an agreement or contract with the city of Los Angeles relating to the care and management of the water and sewage flowing through any or all of the sewers of said city, and flowing in or through any ditch or zanja of said city, and to construct sewers, aqueducts, and other means of carrying the sewage of said city, or any water acquired by said city, or from any place, upon any lands, for the purposes of irrigation, and to distribute and sell the same for the purposes of irrigation, or any other purposes, and to acquire lands and rights of way, and do all other things necessary to be done to carry out the business aforesaid."

Defendant admits that it procured a right of way by conveyance from plaintiff and one Fleming, across the land of plaintiff described herein, and constructed and placed thereon a pipe twenty-two inches in diameter and of a capacity of four hundred and fifty inches, which pipe has sufficient capacity to supply water for the irrigation of plaintiff's land, but denies that it has the capacity, or that defendant has the water, to supply plaintiff and all the lands that lie under the flow of its ditch that need water for irrigation; that it has a steady supply of only one hundred and eighty inches, to which it has occasionally added by purchase from the city zanjas, and that all its water has been sold to persons along the line needing water for irrigation during the irrigating season, and that it could not supply the demand of plaintiff without depriving others of needed water, etc., and that if it had four hundred and fifty inches of water it would all be needed by such other persons, etc.

The court found that the plaintiff and S. A. Fleming conveyed to defendant, on the twenty-first day of February, 1889, a right of way across the land in question for its water pipe, for a nominal consideration, but that the real inducement for such conveyance was an understanding (not in writing) that plaintiff could have water from defendant's pipe to irrigate her land. That de-

fendant furnished her water for a time and then extended its pipe and sold its water to others, and refused to furnish plaintiff with needed water, though requested so to do. The court also found paragraphs 1, 2, 4, and 7 of plaintiff's amended complaint true.

The only specification of particulars in which the evidence is insufficient to sustain the findings is, that the third finding of the court is not sustained by the evidence in so far as it finds that paragraph 1 of plaintiff's complaint is true, for the reason that the evidence shows that the defendant corporation was organized for the following purposes, viz: (then follow the purposes specified in the articles of incorporation, as hereinbefore quoted).

Paragraph 1 of the complaint thus found true, after averring that defendant is a corporation organized under the laws of California, with its principal place of business at Los Angeles, avers that it was so organized " for the purpose of selling, distributing, and delivering water for irrigating upon the lands along the line of pipes owned by said company and situated to the south of the city of Los Angeles."

The purpose specified was certainly one of the purposes of the organization. As it was in the execution of this purpose that its duty to supply water to plaintiff (if such duty devolved upon it) arose, and, as other purposes contemplated by the incorporation were either not involved or only remotely so, it was not necessary to enumerate them in the complaint, or to find as to them.

Had there been no allegation as to the objects of the corporation as expressed in its articles of incorporation, the fact that it was engaged in the business of conducting and selling water for irrigation from its pipe constructed for that purpose would have been sufficient under that branch of the case to raise a presumption of authority so to do, and to impose upon it the legal liabilities arising therefrom.

This question was raised in *Price* v. *Riverside etc. Co.*

56 Cal. 431, and decided against the contention of appellant.

Another error assigned is that the court failed to find upon the issue raised by the allegations contained in paragraph 5 of defendant's answer, and a like error is assigned upon the failure to find upon paragraph 6 of the answer.

The fifth paragraph of the answer referred to is as follows: "Defendant admits that the pipe laid by defendant upon the right of way granted [by] plaintiff and Fleming is of the diameter of twenty-two inches, and admits that said pipe has sufficient capacity to supply water for the irrigation of the lands of the plaintiff, but denies that defendant has the capacity or the water to supply plaintiff and all the lands that lie under the flow of its ditch, that need water for irrigation, with water for irrigation."

The paragraph is taken up with an admission of the allegations of the complaint (which, of course, create no issue), except the last clause, which denies that it has either the capacity or water to supply plaintiff and all others who need water for their land.

There is no averment that persons other than the plaintiff have demanded water from defendant, or have purchased it, but only that it *is needed.* This raises no issue material to the case.

The second finding of the court, however, throws light upon the question sought to be raised by the answer. It is as follows: "After defendant had supplied water for use on plaintiff's said land for a considerable time, defendant extended its pipe line beyond and below the lands of the plaintiff, and began, and has since continued, to sell and deliver water for lands along the extension of the said pipe line, notwithstanding the fact that plaintiff desired and requested the defendant to continue to supply water for the irrigation of her said lands."

The sixth paragraph of the answer upon which it is claimed there should have been findings, is too long to

be copied. It may be epitomized as follows: 1. Defendant was organized for handling the sewerage water of Los Angeles, and so much other water as it was able to obtain, and to carry out the project constructed a pipe capable of carrying four hundred and fifty inches along the line selected; 2. It only secured one hundred and eighty inches, and was able to procure no more, except occasionally; 3. That it has been selling and distributing this one hundred and eighty inches to people along the line of pipe, to persons who needed it for irrigation and could not have supplied plaintiff without refusing others; 4. It will be the same in the future; 5. The land along defendant's pipe line needs four hundred and fifty inches of water in the irrigating season; 6. Los Angeles is engaged in the construction of a system of sewerage which defendant believes will be completed within six months, when defendant is informed and believes the city intends to resume control of the one hundred and eighty inches of sewerage water which it now supplies to it, and defendant is advised the city has a right so to do, notwithstanding its contract with defendant, and, should it do so, defendant would have no water for distribution. As to future deprivation of water, it is sufficient to say that, if the time arrives when it has no water, that fact will be an answer to any demand therefor under the judgment in this case.

The residue of the paragraph is covered by the findings of the court upon the subject, to the effect that defendant has water which it was accustomed to furnish to the plaintiff, but which it took from her and sold to others.

If these facts do not render defendant liable, then this judgment is erroneous, and should be reversed.

Do the facts, as found, warrant the relief asked and granted in the judgment?

" The use of all water now appropriated, or that may hereafter be appropriated, for sale, rental, or distribution, is hereby declared to be a public use, and subject

to the regulation and control of the state, in the manner to be prescribed by law." (Const., art. XIV, sec. 1.)

Appellant contends that the word " appropriated," as used in the section of the constitution quoted above, only applies to water appropriated from streams upon the public lands, and has no application to water acquired by other means than an appropriation under the Civil Code.

This construction is too narrow, and, we think, does violence to the evident intent of the framers of the constitution.

There is no doubt but that in a broad sense *to appropriate* is to make one's own, to make it a subject of property, and it is often used in the sense of denoting the acquisition of property, and a right of exclusive enjoyment in those things which before were without an owner, or were *publici juris.*

But it is also used in the sense of prescribing property or money to a particular use, as to appropriate money to a designated purpose; to appropriate land to grazing, or fruit, or other purpose. It is also used in the sense of " to distribute." (Anderson's Law Dictionary.)

When water is designated, set apart, and devoted to purposes of sale, rental, or distribution, it is *appropriated* to those uses, or some of them, and becomes subject to *the public use* declared by the constitution, without reference to the mode of its acquisition.

A perusal of the latter part of section 1, from which we have quoted, will show that in all cities and counties, or cities or towns of this state, it is made the duty of the governing bodies thereof to prescribe, by ordinance or otherwise, the rates to be charged for water supplied to such cities, etc. This is general, and applies to all parties supplying water, and not merely to those who have acquired the ownership thereof by appropriation of water upon the public lands.

The evident intent of the framers of our constitution

was to strike a blow at the monopolies which had grown up out of the sale, rental, and distribution of water, and by declaring such use a public use to bring it within the control of the local authorities in municipalities where the burdens of the system were most onerous.

To have made these provisions applicable only to the distributors of water acquired in a given manner, and not otherwise, would have defeated, in most instances, the paramount object in view.

It is apparent that in most of the cases in which this court has applied the doctrine enunciated in the constitution the water which constituted the subject matter in question was not the fruit of an appropriation in the sense contended for by appellant. (See *McCrary* v. *Beaudry*, 67 Cal. 120; *Price* v. *Riverside etc. Co., supra; Fresno* v. *Fresno etc. Co.*, 98 Cal. 179; *People* v. *Stephens*, 62 Cal. 209.)

Counsel for appellant further contends that section 552 of the Civil Code, which, under the facts of this case, was evidently relied upon by the court below as establishing the duty of defendant to furnish water to plaintiff, is not applicable. That section reads as follows: "Whenever any corporation, organized under the laws of this state, furnishes water to irrigate lands which said corporation has sold, the right to the flow and use of said water is, and shall remain, a perpetual easement to the land so sold, at such rates and terms as may be established by said corporation in pursuance of law. And whenever any person who is cultivating land on the line, and within the flow of any ditch owned by such corporation, has been furnished water by it with which to irrigate his land, such person shall be entitled to the continued use of said water, upon the same terms as those who have purchased their land of the corporation."

The contention is that the section only applies to cases in which the corporation has sold and furnished water to irrigate, and that, as it does not appear that the corporation defendant has sold any land to anyone, it is

not one of the corporations specified in section 552 of the Civil Code.

Title VIII, of which this section is a part, relates to water and canal corporations, and must be read with reference to the subject matter under treatment.

The section in question contains two distinct clauses applicable to this class of corporations, viz., to those organized under the laws of this state.

The first clause relates to those cases in which the corporation furnishes water to irrigate land which it has sold, and it must continue to furnish such water to the land thus sold at the established rate.

The second clause involves an independent proposition, and makes it the duty of such corporations— water and canal corporations—organized under the laws of the state, to continue to furnish water to those within the flow and on the line of their ditches, who are cultivating land which has been furnished with water for irrigation, and the latter are entitled to the continued use of water so supplied upon the same terms as those mentioned in the first clause of the section, "at such rates and terms as may be established by said corporation in pursuance of law."

The object of the statute is quite evident. Water for irrigation is, in many pursuits, essential to the productiveness of land, and if, when it has been once furnished, the company so supplying it for such purpose may at will refuse such supply, the owner of irrigated land is at the mercy of the corporation who may ruthlessly destroy the crops of the season, or in case of orchards and vineyards the result of many seasons' industry, by refusing to continue the supply of water.

The use being a public use, the legislature may regulate it so as to promote the interests of the public and, at the same time do no injustice to the water company.

The defendant, having supplied plaintiff with water for irrigation, and having sufficient on hand to continue such supply, was not at liberty without good cause to

refuse to supply her, while she, on her part, was ready and willing to pay the established price therefor.

We recommend that the judgment and order appealed from be affirmed.

HAYNES, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.