[L. A. No. 806. Department Two.—December 29, 1900.]

WILLIAM A. PALLETT et al., Respondents, v. SIMON J. MURPHY, Appellant.

CONTRACT TO SUPPLY WATER TO RANCHO—CONSIDERATION—CONSTRUCTION—NOTICE OF RIGHTS OF OWNERS—ORDER OF APPLICATION.—A contract by a ditch owner always to allow the use of water upon a rancho upon the most favorable terms and conditions upon which the use of water should be allowed to others, in consideration of a grant by the owners of the rancho of a

right of way for the ditch for the conveyance of water for irrigation, is to be construed, not as placing the owners of the rancho in the same category with others as respects the right of use of the water in the order of application therefor, but as a promise in advance for a valuable consideration, conferring rights of which others desiring to use the water are chargeable with notice, and over which they can claim no priority.

ID.—RIGHTS OF LESSEES OF RANCHO.—Lessees of the rancho whose lands can be irrigated from the ditch, to whom the owners have leased portions thereof, with the water rights appurtenant thereto, at the charge of the lessees, are entitled to demand and receive upon their lands sufficient water to irrigate them, upon offering to comply with the terms and conditions imposed upon the owners of the lands under the contract.

ID.—MEASURE OF DAMAGES FOR BREACH—DIFFERENCE IN RENTAL VALUE OF LAND.— The measure of damages to the lessees for refusal of the defendant to supply the water according to his contract with the owners of the land is the difference between the rental value of the land with and without water for irrigation.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion.

Works & Lee, for Appellant.

H. S. Van Dyke, and J. S. Chapman, for Respondents.

The plaintiffs had the right to demand the use of the water. (*Merrill v. Southside Irr. Co.,* 112 Cal. 426.) All other parties had notice, and were bound by the recorded grant and contract. (*Northern Colorado Irr. Co. v. Richards,* 22 Colo. 450; *Price v. Riverside Land etc. Co.,* 56 Cal. 431.) The contract cannot be defeated by any action on the part of the defendant. (*Cave v. Crafts,* 53 Cal. 135; *Smith v. Corbit,* 116 Cal. 587, 591.) The difference in the rental value of the property with and without the water was the proper measure of damages. (16 Am. & Eng. Ency. of Law, 185; *Chicago v. Huenerbein,* 85 Ill. 594;[1] *Michel v. Monroe Co.,* 39 Hun, 47.)

[1] 28 Am. Rep. 626.

HAYNES, C.—This is an action to recover damages alleged to have been sustained by the plaintiffs by reason of the failure of the defendant to supply water to lands occupied by them as lessees. The plaintiffs recovered judgment, and this appeal is taken therefrom and from an order denying a new trial.

The principal question arises upon the construction of a contract executed by and between Charles Prager and others, the owners of the Rancho Paso de Bartolo, and the appellant, Simon J. Murphy, whereby the owners of said rancho granted to Murphy a right of way for a ditch or conduit over the same for the conveyance of water for the purposes of irrigation, the plaintiffs herein being lessees of said rancho, or portions thereof, and contending that the terms and conditions of said grant entitled them, as such lessees under the terms of their lease, and the circumstances alleged in their complaint, to be supplied by defendant with water for the irrigation of said leased lands, and that they suffered damage by the failure and refusal of defendant to furnish the water demanded by them in the sum of fifteen hundred and fifty-two dollars.

Said contract for the right of way for said ditch is set out in full in the complaint. It was made on May 30, 1890, and was duly recorded. The right of way thereby granted to Murphy, his heirs and assigns, was specifically defined as to location, its width fixed at one rod, and its length at about twenty-three thousand one hundred and twenty-three feet. The right was given the grantee to enter upon said rancho for the purpose of constructing the ditch, and afterward for the purpose of repairs or doing any necessary work thereon, and specified the consideration of one dollar. Said contract further provided as follows: "It is further agreed and stipulated that the party of the second part, his heirs and assigns, hereby agree that the granting of the right of way herein is a part of the consideration of this indenture, and the said party of the second part, his heirs and assigns, in consideration of the same, agree that they will always allow the use of water for land on the Rancho Paso de Bartolo upon the lowest terms and most favorable conditions that they allow the use of water to others."

A large portion of the lands leased to the plaintiffs were be-

low defendant's ditch, and could be irrigated therefrom, and from no other source, and their lease contained this clause: "The lessor herein also leases, together with the lands hereinbefore described, all such water rights as may be appurtenant to said lands, but the said lessor, or his successors, shall not be liable for any water rates that might be charged for the use of water from any company or companies supplying water to said lands, but such charges are to be met by the said lessees herein."

It is not seriously questioned but that plaintiffs had under this lease whatever right to demand from defendant water for the purpose of irrigating the leased land that the indenture for the right of way secured to the owners of the lands over which it was granted.

Plaintiffs' lease was executed May 2, 1894, and was for the term ending December 31, 1894. On May 12th the plaintiffs demanded of the defendant the use of water upon lands described in the complaint upon the terms and conditions stipulated in said indenture, and offered to comply with all the terms and conditions imposed thereby upon the owners of the land. Defendant refused to comply with this demand, giving as a reason therefor, in substance, that prior to this demand he had promised all the water to other parties, and for that reason, and no other, did not comply with the demand.

The court found that during the irrigating season of 1894 there were three hundred inches of water, measured under a four-inch pressure, flowing in said ditch, and being managed, controlled, and distributed by the defendant; that of said quantity about sixty inches were required to supply purchasers of absolute water rights, and that the remainder was amply sufficient for the irrigation of the lands leased by plaintiffs and for which water was demanded.

Some extracts from the testimony of Mr. Reed, defendant's agent who had been in charge of the ditch and water from the time the ditch was constructed, will give a clearer idea of the situation and of defendant's contention. He testified that up to the year 1894 perhaps a thousand acres, some wholly and some partially, had been supplied from the system; that portions of the lands leased by plaintiffs had been supplied the

previous year; that defendant's water supply had been disposed of first to actual purchasers of water, and the surplus to parties who wished it; that they sold water rights at so much an inch with their own land, and to other parties so many inches or parts of inches, absolute sale, for specified land, and he thought about sixty inches had been disposed of in that way; and that the balance of the water had been supplied to the lands of people who applied for it temporarily, and generally in the order of their application. If anyone made application for a run of water it was given to him if we had it.

That the grantors of the right of way for defendant's ditch acquired some right to the use of water to be furnished by the defendant from his ditch would appear to be incontrovertible. The ditch traversed their lands for the distance of about four and two-fifths miles, and occupied nearly nine acres of land. It was agreed and stipulated by the party of the second part, the defendant, his heirs and assigns, that the granting of said right of way "is a part of the consideration of this indenture, and the said party of the second part, his heirs and assigns, in consideration of the same," agreed to confer some right, benefit, or privilege upon the grantors, and expressed the same in the following language: "That they will always allow the use of water for land on the Rancho Paso de Bartolo upon the lowest terms and most favorable conditions that they allow the use of water to others."

It is argued by appellant that "the conditions upon which water might be demanded by the plaintiff's lessors is that upon which other consumers were allowed the use of water."

But this construction puts the grantors of the right of way in the same category with others who paid no consideration for a right to the use of water, and gives the grantors nothing for the concession of a valuable and essential right of way. That the grantee would "always allow" the grantor and his heirs and assigns "the use of water" is as much a part of the covenant as that which relates to the compensation, and must be given its proper effect. It was a promise in advance of the construction of the ditch for a valuable consideration, made in writing and recorded, and all others desiring to use water from that ditch were charged with notice of the plaintiffs' rights, and could not

claim priority over them. It is not contended by respondents that the absolute sales of water by the defendant to the extent of fifty or sixty inches was a violation of his covenant with the owners of the ranch. Plaintiffs were interested only in the supply for their leased lands for that year, and were not authorized to litigate for their lessors questions in which they had no interest. There was enough water flowing in the ditch, aside from said fifty or sixty inches to have supplied the demand of the plaintiffs, and it is therefore not necessary to consider the extent to which the defendant might sell absolute water rights without violating his covenant, nor the quantity of water which the grantors of the right of way, or those claiming under them might lawfully demand under all conceivable circumstances. The case here is much stronger than *Merrill v. Southside Irr. Co.,* 112 Cal. 426. There the plaintiff conveyed to the defendant a right of way across her land for a water pipe, for a nominal consideration, "but the real inducement for the conveyance was an understanding (not in writing) that plaintiff could have water from defendant's pipe to irrigate her land." Defendant furnished water for a time and then extended its pipe and sold its water to others, and refused to furnish the plaintiff needed water, though requested so to do. *Mandamus* to compel the defendant to furnish water was sustained.

The evidence introduced by the plaintiffs to ascertain the amount of their damages was based upon the theory that the true measure of damages in such cases is the difference between the rental value of the land with and without water for irrigation. Appellant contends that such is not the true rule, and that the evidence admitted was incompetent.

That plaintiffs leased the land with the understanding and belief that it would be supplied with water is apparent from the provisions of the lease upon that subject. The refusal of the defendant to furnish water to the plaintiffs did not abrogate the lease, nor deprive the plaintiffs of all use of the land. They remained in possession, and were obliged to pay the stipulated amount of rent, and had all the benefit of the leased land that they could have without water for irrigation. The evidence objected to and received by the court was confined to the rental value of the land with and without water for irriga-

tion. This was the true rule. Evidence as to the value of a possible crop that might be grown with the use of water would be as purely speculative as could well be imagined; while the rental value of land in communities where for many years portions of the land are leased or occupied without the possibility of irrigation, and other portions are leased or occupied with water for irrigation, fixes a standard for the estimation of damages in cases such as this as nearly accurate as it is possible to devise. Appellant has not cited any authorities upon this question, nor made any reply to the argument of respondents. In American and English Encyclopedia of Law, volume 8, page 611, it is stated in the text that "where the damages may be estimated in more than one way, that mode should be adopted which is most definite and certain" (citing many cases). In *Gilbert v. Kennedy*, 22 Mich. 117, Christiancy, J., speaking for the court, said: "Where elements of certainty are lacking by which damages can be accurately measured, resort must be had to such principle or basis of calculation applicable to the circumstances of the case as will be most likely to approximate certainty, and which may serve as a guide in making the most probable estimate of which the nature of the case will admit." The court did not err in receiving the evidence, and the finding as to the amount of the damages is justified by the evidence.

It is further contended by appellant that the findings are not justified by the evidence. But counsel say that "there is no conflict whatever as to the manner of furnishing the water, or of the reason for not supplying the water to the plaintiffs"; so it is apparent that the supposed insufficiency of the evidence to justify the findings is but an attack upon the legal construction placed by the court below upon the covenant contained in the indenture.

I think the findings amply sustained by the evidence, and that the judgment and order appealed from should be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

　　　　　　　　McFarland, J., Temple, J., Henshaw, J.