[Civ. No. 132.    First Appellate District.—November 16, 1905.]

## W. H. MAHONEY, Respondent, v. AMERICAN LAND AND WATER COMPANY, Appellant.

MANDAMUS—COMPELLING WATER SUPPLY—APPEAL FROM JUDGMENT—ABSENCE OF EVIDENCE—SUPPORT OF FINDINGS—PRESUMPTION.—Upon an appeal on the judgment-roll from a judgment granting a writ of mandate to compel the water company to supply water to the petitioner, which is fully sustained by the findings of fact, it must be assumed, in the absence of a bill of exceptions setting forth the evidence, that the findings are supported by relevant and competent evidence, free from objection on the part of the defendant.

ID.—SUFFICIENCY OF PETITION—DISTRIBUTION OF WATER FOR COMPENSATION—PUBLIC USE—BENEFICIARY.—Where the petition for the writ is otherwise sufficient, and avers that one of the purposes for which the defendant was incorporated, and in which it has been and is engaged, is to distribute water for compensation to the residents of a town, in which petitioner is, and for ten years has been, a resident and freeholder, and that, during that time, it has supplied him with water, and has a sufficient quantity of water to supply him, the petition sufficiently shows, without express averment, that the water company is in the control of a public use, and that the petitioner is a beneficiary of that use.

ID.—SUPPLY OF AVERMENTS BY ANSWER.—Any absence of such express averments in the petition was supplied by averments in the answer of the water company that it was organized to supply the inhabitants of the town with pure, fresh water, and that it undertook to supply persons who live, or who might live therein, with pure,

fresh water, and to that end caused to be dug and constructed wells, tunnels and reservoirs, with mains and pipe lines leading therefrom to the houses within said townsite.

ID.—CONTINUOUS JUDGMENT—PAYMENT FOR ONE MONTH—PRAYER OF PETITION—COMPLIANCE WITH CONDITIONS—OBLIGATION OF WATER COMPANY.—Where the petition averred the advance payment for one month demanded by the water company, and prayed for a writ of mandate commanding the company to supply petitioner with water during such month, and thereafter so long as he should comply with its rules and regulations, a continuous judgment corresponding with such prayer, only expresses the obligation of the water company, while in control of a public use, to supply water to a beneficiary of such use, so long as he should comply with the conditions on which the use is administered.

APPEAL from a judgment of the Superior Court of Marin County.   Thomas J. Lennon, Judge.

The facts are stated in the opinion of the court.

Edgar C. Chapman, and James W. Keyes, for Appellant.

W. H. Mahoney, Respondent, in pro. per.

HARRISON, P. J.—The defendant is a corporation, organized as such under the laws of this state, for the purpose, among others, of distributing water for compensation to the residents of the townsite of Larkspur, in Marin county. The plaintiff is a resident of that township, and on the first day of November, 1903, paid to the defendant the amount demanded by it as an advance payment for water to be delivered to him upon his premises during the said month of November, and made demand that it supply him with water thereon. The pipes of the defendant were at that time connected with the pipes upon the plaintiff's premises, and in a condition to carry water thereto, and the appellant had supplied him with water upon said premises for more than ten years prior thereto, and had at that time a sufficient quantity of water with which to comply with his demand. It refused, however, to deliver any water to him upon his said premises, and he thereupon applied to the superior court of Marin county for a writ of mandate, commanding it to furnish him with a continuous supply of water during said month of November, and thereafter as long as he should comply with its rules

and regulations. The defendant demurred to the petition of the plaintiff, and, its demurrer having been overruled, answered the same. Upon the hearing the court granted the petition, and the defendant has appealed therefrom upon the judgment-roll without any bill of exceptions.

The judgment of the court is fully sustained by its findings of fact, and, in the absence of a bill of exceptions, it must be assumed that those findings and each of them were supported by relevant and competent evidence, free from any objection on the part of defendant. The appellant, however, contends in support of its appeal that the petition of plaintiff does not state facts sufficient to entitle him to the relief demanded, and that its demurrer on that ground should have been sustained. The point urged in support of this contention is that there is no averment in the petition that the defendant is in control of a public use, or that the plaintiff is a beneficiary thereof. While it is true that the petition does not make these averments in direct language, yet the facts which are set forth therein show, not only that the appellant is in fact in control of a public use, but also that the respondent is a beneficiary of that use. The constitution (article 14) recites that ''the use of all water now appropriated, or that may hereafter be appropriated, for sale, rental or distribution, is hereby declared to be a public use.'' In *Merrill* v. *South Side Irrigation Co.,* 112 Cal. 426, [44 Pac. 720], it was held that ''when water is designated, set apart, and devoted to the purpose of sale, rental, or distribution, it is appropriated to these uses or some of them, and becomes subject to the public use declared by the constitution without reference to the mode of its acquisition.'' The averments in the petition herein that one of the purposes for which the appellant was incorporated, and in which it has been since its incorporation and is now engaged, is to distribute water for compensation to the residents of Larkspur; that the petitioner is and has been for more than ten years a resident of Larkspur and a freeholder therein; that during that time the appellant has supplied him with water upon his premises, and that it has a sufficient quantity of water to supply him—sufficiently show that it is in the control of a public use, and that the respondent is a beneficiary of that use.

The case of *Hildreth* v. *Montecito C. W. Co.*, 139 Cal. 23, [72 Pac. 395], upon which the appellant relies, is inapplicable to the facts thus alleged. In that case the court held that a person claiming to be a beneficiary of a public use of water, and seeking to enforce such claim against one claimed by him to be in charge of such use, must show in his complaint that the latter has the ownership or control of water which is the subject of the use, and said that the complaint therein was "carefully and skillfully drawn so as to avoid the statement of this fact." It alleged that the defendant was the owner of a "system of waterworks and water pipes" constructed for the distribution of the waters of the creek, by means of which waterworks and pipes the said waters had been appropriated to public use; but there was no averment that the defendant had appropriated the waters of the creek, or owned or controlled or had the right to control the said waters, or that the waters still remained subject to the use for which they had been originally appropriated. The court said: "For all that appears in the complaint, some other person may at all times have been the owner and in control of the water, and may have made the dedication to public use, using the defendant's waterworks as the means, and defendant as the agent, for the distribution." A comparison of the petition herein with these averments shows that the above facts, said to be essential to a cause of action, are fully set forth in the petition. That the plaintiff is a beneficiary of the public use which is under the control of the appellant is also shown by the following extract from the opinion in the Hildreth case: "The right of an individual to a public use of water is in the nature of a public right possessed by reason of his status as a person of the class for whose benefit the water is appropriated or dedicated." As one of the residents of Larkspur, for whose benefit the appellant had appropriated the water owned by it, he was a beneficiary of that public use. If there was any defect in the complaint in its averment that the defendant was in charge of a public use, it was sufficiently supplied by the answer of the defendant. In its answer the defendant sets forth that it was organized for the purpose of constructing, owning, and operating waterworks to supply the inhabitants of Larkspur with pure, fresh water, and that it undertook to supply persons

who live, or who might live, therein with pure, fresh water and to that end caused to be dug and constructed wells, tunnels and reservoirs, with mains and pipe lines leading therefrom to the houses within said townsite, and the court finds that at all times during said month of November the defendant has under its control a sufficient supply of water to supply the plaintiff in addition to its other consumers. (See *Cohen* v. *Knox*, 90 Cal. 266, [27 Pac. 215].)

The objection that, as the plaintiff does not aver in his petition that he is entitled to the water beyond the month of November, the court was not authorized to render a judgment which compels the defendant to furnish it after that month, is without merit. The judgment in this respect corresponds with the prayer of the plaintiff's petition. The defendant, while in the control of a public use, is under the obligation to supply water to the beneficiaries of that use so long as they comply with the conditions upon which the use is administered. In its answer it did not set up any act to be performed by the plaintiff as a condition requisite for its discharge of this obligation, other than the payment of its rates; and when the plaintiff had shown his compliance with this condition, and thereby established his right to a supply of the water during the month of November, it was proper for the court to direct in its judgment that the defendant should continue such supply so long as the plaintiff should comply with the conditions upon which its obligation depended.

The judgment is affirmed.

Hall, J., and Cooper, J., concurred.